# Bradican et al., Appellants, *v.* Scranton Railway Company.

*Negligence—Street railways—Injury to child playing in street—Conflicting evidence—Contributory negligence—Case for jury—Verdict against evidence—New trial.*

1. Where the testimony is oral and conflicting the case is for the jury.

2. A grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice.

3. In an action against a street railway company to recover for personal injuries sustained by an eleven-year-old boy, the case is for the jury and the court erred in entering judgment for the defendant under all the evidence, after a disagreement of the jury, where plaintiff and several other boys testified that plaintiff, in pursuit of a rubber band which had become detached from his sling-shot, slipped on the far rail of defendant's tracks; that when he started for the track defendant's car was 154 feet from the point of the accident, and when he fell it was 40 to 75 feet away running up grade at the rate of ten miles an hour; that at the time of the accident the conductor was running the car while the motorman was inside eating his lunch; and there was an admission of record that the car could have been stopped readily within a distance of 20 feet.

4. Considering the age of the injured boy, the issue as to his contributory negligence could not properly be decided by the court as one of law.

Argued Feb. 26, 1918.   Appeal, No. 367, Jan. T., 1917, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1914, No. 915, entering judgment for defendant after disagreement of jury, in case of Joseph Bradican, by his father and next friend, William Bradican, and William Bradican v. Scranton Railway Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Trespass for personal injuries.   Before Newcomb, J. The facts appear by the opinion of the Supreme Court.

The jury disagreed and was discharged.   Thereafter the lower court entered judgment for the defendant upon the whole record.   Plaintiffs appealed.

*Error assigned,* among others, was in entering judgment for defendant.

*Wm. B. Landis* and *E. C. Amerman,* for appellant.— Presumptively a boy eleven years of age is not capable of seeing or appreciating danger, and can not be charged with contributory negligence: Gerg v. Penna. R. R. Co., 254 Pa. 316.

The question whether such presumption had been properly rebutted, and the contributory negligence of the defendant established, is for the jury under proper instructions: Strawbridge v. Bradford, 128 Pa. 200; Di-Meglio v. Philadelphia & Reading Ry. Co., 252 Pa. 391; Kelly v. Traction Co., 204 Pa. 623; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; Kehler v. Schwenk, 144 Pa. 348.

Even though the conduct of the plaintiff was such that in the case of a grown person it would be declared contributory negligence as a matter of law, it is still a question of fact for the jury: Lodge v. Pittsburgh & L. E. R. R. Co., 243 Pa. 10; Davis v. Penna. R. R. Co., 34 Pa. Superior Ct. 388.

*W. L. Hill,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—Under the Act of April 20, 1911, P. L. 70, judgment was properly entered for the defendant if the defendant was entitled to binding instructions: Wright v. Bristol Patent Leather Co., 257 Pa. 552; Farmers & Breeders, Etc., Co. v. Curran, 65 Pa. Superior Ct. 352.

A verdict against the defendant could not be sustained: Bornscheuer v. Consolidated Traction Co., 198

Pa. 332; Underwood v. Pittsburgh Railways Co., 238 Pa. 332; Shope v. Central P. T. Co., 242 Pa. 207.

Plaintiff is bound by his own statements made under cross-examination where they convict him of contributory negligence: Black v. P. R. T. Co., 239 Pa. 463; Latnee v. P. R. T. Co., 55 Pa. Superior Ct. 362.

OPINION BY MR. JUSTICE MOSCHZISKER, March 11, 1918:

The plaintiffs, Joseph Bradican, by his father and next friend, William Bradican, and William Bradican, in his own right, sued to recover for injuries to the former, alleged to be due to the negligence of defendant company. The jury disagreed, and, on motion, the court below entered judgment for defendant under the Act of April 20, 1911, P. L. 70, upon the ground that the testimony of Joseph Bradican plainly showed him guilty of contributory negligence. The plaintiffs have appealed.

The accident happened November 1, 1913, when Joseph Bradican was but 11 years, 4 months and 10 days of age. Counsel for plaintiffs produced the injured lad and three other boys, of about the same age or younger, as witnesses, and, from their testimony, it appears these boys, upon the morning of the day in question, were proceeding along a street upon which the defendant company operates an electric railway; Joseph, who had a sling-shot in his hand, undertook to shoot at a dog upon the opposite side of the highway; the elastic became detached and flew away, dropping at a point near the farther side of the railway track; Joseph ran out to recover the rubber band, stopped to pick it up and, slipping, fell to the ground; when the boy started toward the track, defendant's car was 154 feet distant from the point of the accident, and, when he fell, it was 40 to 75 feet away, running up a "stiff grade" at no greater speed than ten miles an hour; at the time of the occurrences under investigation, the motorman was eating his lunch inside the car, and the latter was being propelled under

the guidance of the conductor; one of Joseph's companions, who was on the sidewalk, called out to attract attention to the impending danger, and the conductor looked toward him; immediately after this, Joseph was struck, whirled around, and one of his feet badly injured by coming in contact with, or being run over by, the rear truck of the car. It further appeared, by an admission of record, that the car could have been stopped readily within a distance of twenty feet.

On the facts as we have recited them, the question of the defendant's negligence was clearly for the jury, and, considering the age of the injured lad, the issue as to his contributory negligence could not properly be decided by the court as one of law, even though, at the trial, which occurred about three years subsequent to the accident, this boy gave evidences of maturity and an apparent due appreciation of the risk of the situation at the time the accident occurred. The law upon this subject is so well settled that it is unnecessary to cite authorities.

The defendant produced several disinterested witnesses, who were on the street when Joseph Bradican was injured, all of whom agree that the accident did not happen as described by the latter and his companions. These witnesses testified that the boys were playfully attempting to jump upon the car, but that Joseph missed his hold, and this led to his injury.

In Maloy v. Rosenbaum Company, 260 Pa. 466, we recently said: "A grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice"; also see Hewitt v. Democratic Pub. Co., 260 Pa. 59. The testimony at bar being oral and conflicting, the case was for the jury, technically, at least, and it was error to enter the judgment complained of. At a retrial of this case, should the judge who sees and hears the witnesses

then feel that, on the whole record, a judgment for plaintiffs would represent an absolute miscarriage of justice, in the event of a verdict calling for such a judgment, it will be the duty of the court below, not to enter judgment for defendant, but to grant a new trial.

The assignment is sustained, and the judgment is reversed with a procedendo.