Martin et al. *v.* Arnold, Appellant, et al.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused December 28, 1950.

*Rufus S. Marriner,* with him *Montgomery, Thompson & Baily,* for appellant.

*A. J. Marion* and *John I. Hook, Jr.,* with them *Smith, Marion & Balaban* and *Scott & Hook,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 21, 1950:

Louis H. Martin, and James Franklin Breese, Jr., instituted these actions in trespass against Lloyd R. Arnold, original defendant, to recover for damages sustained when Arnold collided with a school bus operated by Robert Ely and owned by Russell McKee. Ely and McKee were joined as additional defendants. Arnold appeals from the orders of the court below awarding a new trial to additional defendants, asserting a manifest abuse of discretion.

Lloyd R. Arnold, appellant, between 4:00 and 4:30 p.m., on April 5, 1946, was operating a 1935 Ford V-8 panel truck on State highway route Nos. 18 and 21 near Crouse's School House in Centre Township, Greene County. The day was clear and the concrete highways in excellent condition. Preceding him in the same direction was a school bus operated by Robert Ely and owned by Russell McKee, additional defendants. At a point in the highway where Rush Run Road intersects with the aforementioned highway, the highway curves to the right. The school is on the left. The highway at the point of collision is 18 feet wide.

Arnold testified that he followed the bus at a speed of 20 to 28 miles per hour, but as the bus passed a concrete bridge it slowed down to a speed of approximately 3 to 4 miles per hour, veering to the right as if intending to stop; that he, Arnold, then sounded his horn to pass to the left and increased his speed; that as he came alongside of the bus it suddenly and without any warning, mechanical or manual, turned left in front of him; that he eased further to the left but finally came into contact with the bus immediately in back of the cab; that as a result of the impact he lost control of his truck; and, that it proceeded across the intersection into a group of school children causing injury to the minor plaintiffs. Willard Brownlee who was a passenger in Arnold's truck, corroborated his testimony in detail.

Robert Ely, driver of the school bus, stated that, realizing his mechanical signal device in the rear was not in working condition after he passed the concrete bridge he drove his bus in the center of the highway, straddling the center line, and thus preventing a pass to his left; that he did not give any signal indicating that he was stopping or turning; that he had previously observed Arnold's truck to his rear, but did not look again for 400 feet before the collision; that he did not see it thereafter, nor did he look to determine whether any car was approaching from the rear.

The cases were consolidated for trial before a jury which returned a verdict against Arnold, defendant, and Ely and McKee, additional defendants. Each defendant filed motions for a new trial and for judgment *non obstante veredicto*. At argument before the court below, Arnold's motions were withdrawn. The court denied additional defendants' motion for judgment *non obstante veredicto*, but granted a new trial, whereupon Arnold took these appeals.

Appellant contends that the court below abused its discretion in granting a new trial as to the additional defendants for the reason that the testimony with regard to the cause of the accident was conflicting and, therefore, determination of the proximate cause of the accident was for the jury and not the court, and the action of the court below amounted to usurpation of the functions of the jury.

Appellee contends that the court below properly held that the verdict against the additional defendants is contrary to the weight of the evidence. We are constrained to hold that there was an abuse of discretion in awarding a new trial to the additional defendants.

An order awarding a new trial will not be reversed on appeal unless a palpable abuse of discretion on the part of the court below is clearly shown, or unless an erroneous rule of law which in the circumstances necessarily controls the outcome of the case is certified by the court below as the sole reason for its action: *Tupponce v. Pennsylvania Railroad Company*, 358 Pa. 589, 590, 57 A. 2d 898. Where, as in the instant case, the court below has concluded that the verdict of the jury is contrary to the weight of the evidence and that the interests of justice require granting of a new trial, this Court is most hesitant to disturb such conclusion: *Frank v. W. S. Losier & Co., Inc.*, 361 Pa. 272, 276, 64 A. 2d 829. However, the power and duty to review such action have never been abdicated: *Jones et vir. v. Williams et al.*, 358 Pa. 559, at p. 564, 58 A. 2d 57.

The evidence must be considered in light of the verdicts of the jury to determine whether the verdicts against the additional defendants were proper, i.e., whether the evidence is sufficient to warrant a finding that Ely was negligent in the operation of the bus, and whether that negligence operated jointly with that of Arnold as the proximate cause of the accident.

A person operating a vehicle on a highway must have his car constantly under control. Having one's car under control means that he will be able to stop his car before doing injury to any person or property in any situation reasonably likely to occur. See *Schofield, Admr., v. Druschel,* 359 Pa. 630, 59 A. 2d 919. An operator of a motor vehicle may not, without regard to the rights and safety of others who may also be using the highway, cut across from one side of the highway to the other. One does not have the absolute right to turn into another lane of traffic without having first signaled an intention so to do and having reasonably assured himself that in so doing others using the highway will not be placed in danger of injury. See *Jamison v. Kamerer,* 313 Pa. 1, 4, 169 A. 231. Cf. *Miller v. Southern Asphalt Company et al.,* 314 Pa. 289, 171 A. 472; *Nold v. Higgins Lumber Co.,* 276 Pa. 195, 119 A. 919; *Piper v. Adams Express Company,* 270 Pa. 54, 60, 113 A. 562.

Arnold's testimony, corroborated by Brownlee, that Ely slowed down, turned to the right and then suddenly to the left without having given any indication whatsoever of an intention so to do, is contradicted by Ely. The latter stated that he continuously remained in the center of the road, steadily bearing to the left. Admittedly, Ely did not give a warning of his intention to turn. The precise manner in which the accident occurred was a question for the jury and it has found that Ely operated his bus in a negligent manner.

Ely should have realized that by turning to the right, he clearly indicated to others following him on the highway that he did not intend to turn to the left. He should have anticipated that they might attempt to pass on his left. Where as here, he had previously observed appellant to his rear, he was under a clear duty to observe whether anyone was following him. He could not, without any consideration of others follow-

ing him, veer to the right and then cut across to the left. There was ample evidence to sustain a finding of negligence against Ely in the operation of the bus.

The facts in the instant case have been found by the jury. It has determined not only that Ely was negligent, but also that his negligence jointly with the negligence of Arnold constituted the proximate cause of this accident. The court below recognized that determination of the questions of proximate cause and intervening agency were for the jury. See *Kline et al. v. Moyer and Albert,* 325 Pa. 357, 191 A. 43. In view of the verdict of the jury, the facts before us are not in dispute. We may, therefore, determine the question of proximate cause. The finding of the jury with regard to negligence of the additional defendants was not against the weight of the evidence, but wholly supported thereby. It cannot be said as a matter of law that there was not joint negligence, proximately resulting in injury to the plaintiffs.

Attempt is made to distinguish the case of *Jamison v. Kamerer,* supra, for the reason that the accident in that case occurred in a straight stretch of road, and not as here on a curve. There, the suit was between the operators of the two vehicles involved. It was held a jury could reasonably conclude that failure to give notice of an intention to turn to the left was negligence and the question of plaintiff's contributory negligence was also for the jury. A new trial was sought because of after-discovered evidence, namely, testimony that the turn to the left was a "gradual process of turning", rather than a sudden, sharp turn. This Court held that such testimony would be merely cumulative, and in view of the failure to signal his intention to turn, the failure to look and determine whether such turn could be made with safety, and the failure to give due consideration for the rights of others using the highway,

would be immaterial. The Jamison case cannot be thus narrowly considered.

The order awarding a new trial is reversed and the record remanded for entry of judgments on the verdicts.