Sames *v.* Wehr, Appellant.

Argued January 6, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Mark C. McQuillen,* with him *George M. Mander-bach,* for appellant.

*Paul N. Schaeffer,* with him *Eli F. Wismer,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, March 23, 1953:

These three cases were consolidated for trial and will be disposed of in one opinion. After verdicts for the defendants in an automobile collision case the court

below granted new trials in the interest of justice. Wehr appealed in each case.

Henry Sames was driving his automobile westerly on a 16 foot blacktop highway. He was accompanied by his wife, Dorothy, and their two daughters.

Defendant Wehr was driving easterly on the same highway. A collision took place and the defendant, Wehr admits that the point of contact was on the northerly or the Sames side of the road, and that the cars came to rest completely upon the plaintiff's side of the road. All the testimony agrees on these points.

The only evidence which indicates any fault on the part of Sames was that of the defendant, Wehr, who testified that as he came to the crest of the hill, "I had seen Mr. Sames' car approaching up the middle of the road toward me, I should say about sixty-five or seventy feet in front of me." This was denied by Sames. Wehr further testified that when he saw the Sames car he turned to his right and turned too far, went on the gravel shoulder of the road, which caused him to skid and threw him onto the wrong side of the road, causing the collision.

In its opinion granting a new trial the lower court said: "Under the testimony of both parties and the contentions and arguments of counsel to the jury, the weight of the evidence must indicate that one or both of the parties were guilty of negligence. . . Accordingly, insofar as the passenger plaintiffs. . . [the Sames daughters] are concerned, the verdicts cannot stand and new trials must be awarded." With these statements concerning the weight of the evidence we fully agree.

The evident confusion in the minds of the jury is further confirmed by its attempt to bring in verdicts of not guilty with an imposition of costs.

Since, under the weight of the evidence, a new trial should be awarded as to the children of Sames, it was

well within the power of the court to grant a new trial as to all parties. Cf. *Bergen et ux. v. Lit Brothers et al.*, 354 Pa. 535, 47 A. 2d 671.

It was said in *Beal v. Reading Company.* 370 Pa. 45, 48, 49, 87 A. 2d 214: "One who seeks to reverse the action of a trial court in granting a new trial assumes a heavy burden. Appellate courts are reluctant to interfere with such exercise of judicial discretion. It is only where such discretion has been exercised capriciously, arbitrarily, improvidently or has been palpably abused that we will reverse. A trial court, however, must give reasons for its action, otherwise an appellate court would be unable to review such action. Mere conclusions such as 'interests of justice' are insufficent. All judicial process necessarily is in the interest of justice. Such conclusion, in the absence of amplification, could well serve as a cloak or shield for abused judicial discretion."

The orders of the court below are affirmed.