## Crumrine, Appellant, *v.* Washington County Housing Authority.

Argued October 5, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Thomas L. Anderson*, with him *Frank E. Pireaux* and *Crumrine & Pireaux*, for appellant.

P. Vincent Marino, for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 11, 1954:

Plaintiff-owner appeals from an order of court granting a new trial in a land damage case.

The defendant, Washington County Housing Authority, took by eminent domain 8.9 acres comprising about 1/3 of the frontage of the plaintiff's 26.2 acres, located about one-half mile from Fredericktown. The owner intended the land to be used for the building of homes, and plotted most of the area for that purpose. The portion taken includes buildings, which rented for $25.00 per month, and most of the level part of the premises, the remainder being not very suitable for building lots. The sole dispute between the parties is the value of the land, or the loss suffered by the owner.

The viewers awarded $22,700 and the Housing Authority appealed. The jury, after testimony taken and after a view, returned a verdict of $25,070. Plaintiff fixed the value of $40,000 before condemnation, with a loss of $35,000, and his expert witnesses determined the loss to be $31,000, $33,000 and $35,000 respectively. Defendant's expert witnesses respectively gave their opinion that the loss was $8,100 and $12,500.

The defendant's motion for a new trial was disposed of by the court as follows: That since the various witnesses' estimates of loss ranged from $8,100 to $35,-000, it could not say "that the verdict is contrary to or not supported by evidence." The court determined, however, "that the amount awarded by the jury is to some extent excessive and that, while it is not in. . . [the court's] province to determine the amount which should be awarded, . . . [it] should, rather than simply grant a new trial, give the parties an opportunity to arrive at an adjustment by making an alternative decree. Since another trial may be necessary, . . . [it is] not disposed at this time to analyze further the evidence or . . . reasons for reaching this conclusion."

The court then ordered that if the plaintiff would file a remittitur of all in excess of $20,000 a new trial would be refused; otherwise it would be granted. Here, then, we have a case where the court in its order granting a new trial fully accredits the testimony of the plaintiff as to the damages sustained, and gives no reason for reducing the verdict $5,000 by an alternative decree. The plaintiff declined to file the remittitur, order for new trial was entered, and the plaintiff appealed.

The only question here is whether this was an abuse of discretion by the court below. In the first place it must be kept in mind that the only question before the jury was the amount of damages suffered by the plaintiff for the taking of his land. This is not a case where, as in personal injury cases, the jury considers pain and suffering and loss of earning power, and where no evidence can be taken to fix the dollar value of the loss. The simple question here is: Under the evidence taken, what was the loss to the plaintiff for the taking of his land? We repeat: the court stated that it could not find "that the verdict is contrary to or not supported by evidence." It did not say that it found against the credibility of the plaintiff's witnesses. It did say that "while it is not in . . . [the court's] province to determine the amount which should be awarded, . . . [it] should, rather than simply grant a new trial, give the parties an opportunity to arrive at an adjustment by making an alternative decree," and that it was "not disposed at this time to analyze further the evidence or . . . reasons for reaching this conclusion."

. Upon our review of the record we are constrained to find that the evidence amply supported the verdict, and that there were no matters allowing the court the right to grant a new trial. The matter was fully

presented at trial and a full and complete charge was given by the court. There were no errors of law and there are no facts in dispute other than the value of the land. While we are hesitant to reverse judgment where the court reduces the verdict, "the power and duty to review such action have never been abdicated.": *Martin v. Arnold*, 366 Pa. 128, 131, 77 A. 2d 99.

The wide disparity in the figures of the opinion evidence may peculiarly call for the exercise of common sense on the part of the *jury*, but if its judgment is based upon a view and all of the testimony, it will not be disturbed: *Leaf v. Pennsylvania Co.*, 268 Pa. 579, 112 A. 243. Here the verdict is practically the same as a viewers' award (after allowing 6% for detention). That is a circumstance tending to show the verdict is not excessive.

Determination of value and loss depended upon the testimony of experts, i.e. opinion evidence only. Opinion testimony " ' " may be of value and it may be of no value, just as it appeals to ... [the jury]." ' ... *In all such matters the jury must be left to the free exercise of its own judgment. It cannot be bound by the opinion of the witnesses or the instruction of the court* . . . [It] may reject in toto [or in part] the opinion of any witness . . . [it disbelieves], and this whether that opinion is contradicted or not": *Ray v. Philadelphia*, 344 Pa. 439, 441, 442, 25 A. 2d 145. (Italics supplied). The three judges of the court en banc, none of whom viewed the premises and only one of whom heard the testimony, have indicated that they believe that the award, including detention money, should be $20,000. Since the jury had only the opinion evidence, supported by a view of the premises,—and the court had only the opinion evidence and did not participate in the view,—and since no capricious dis-

regard of testimony by the jury is shown, there is no justifiable basis for the court's order. In fact, the court itself held that the verdict was not contrary to, but was supported by, the evidence. As in *Ray v. Philadelphia,* supra, the learned court below "took from the jury its exclusive right to determine the credibility of the testimony and the weight and effect to which it was entitled." However good the intentions of the court may have been, it cannot usurp the power of the jury. The verdict bore a reasonable resemblance to damages proved, and it is not the function of the court below, nor of this Court, to substitute its judgment for that of the jury. See *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A. 2d 816.

The lower court states that it "feels" that the amount awarded by the jury is to some extent excessive,—which is language that fails to come up to the standard heretofore laid down in the cases: *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857. This Court said in *Beal v. Reading Company,* 370 Pa. 45, 49, 87 A. 2d 214, in a personal injury case: "A trial court, however, must give reasons for its action, otherwise an appellate court would be unable to review such action. Mere conclusions such as 'interests of justice' are insufficient. All judicial process necessarily is in the interest of justice. Such conclusion, in the absence of amplification, could well serve as a cloak or shield for abused judicial discretion. Since the learned court below in the present case failed to give its reasons for granting defendant's motion for new trial, stating only its conclusion that 'the interests of justice require a retrial,' we are obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict. . . We make this study unaided by any comment from the trial court on credibility of witnesses, quality of

testimony, or any of the many other matters which might have guided the court in exercising its judicial discretion." This statement is an amplification of the opinion of Mr. Chief Justice STERN in *Bellettiere v. Philadelphia,* 367 Pa. 638, 641 et seq., 81 A. 2d 857, as well as that in *Martin v. Arnold,* 366 Pa. 128, 131, 77 A. 2d 99; *Stewart v. Ray,* 366 Pa. 134, 139, 76 A. 2d 628; *Carroll v. Pittsburgh,* 368 Pa. 436, 455 et seq., 84 A. 2d 505; *Decker v. Kulesza,* 369 Pa. 259, 263, 85 A. 2d 413; *Sames v. Wehr,* 373 Pa. 282, 284, 95 A. 2d 654; *Gawron v. Levine,* 373 Pa. 384, 387, 96 A. 2d 149.

The lower court did not find that the verdict was against the weight of the evidence, as in *Foster v. Waybright,* 367 Pa. 615, 80 A. 2d 801. Nor does the court say that substantial justice or merely justice required its action, as in *Held, Admrx. v. Van Tiggelen,* 364 Pa. 317, 72 A. 2d 73; or that the interests of right and justice demanded it, as in *Streilein v. Vogel,* 363 Pa. 379, 69 A. 2d 97. The court did not even find the verdict "grossly" or "greatly" excessive, as in *Mervine v. Commonwealth,* 343 Pa. 437, 23 A. 2d 490. Nor did it say that its sense of justice was shocked, as in *Jones v. Williams,* 358 Pa. 559, 564, 58 A. 2d 57. Again, a mere conflict in testimony is not grounds for a new trial: *Decker v. Kulesza,* 369 Pa. 259, 264, 85 A. 2d 413; *Jones v. Williams,* 358 Pa. 559, 565, 58 A. 2d 57. Nor will a new trial be granted because the trial judge arrived at a different conclusion. And in addition the alternative decree is made for a purpose not recognized as permissible, that is "to give the parties an opportunity to arrive at an adjustment." It is difficult to understand how the alternative decree would "give the parties an opportunity to arrive at an adjustment. . ." Since the plaintiff, on filing a remittitur, would have a verdict of $20,000, it cannot be assumed that he would take less. Like-

wise since the defendant had a verdict against it of $20,000, it certainly would not settle for more than $20,000.

It seems very much as though the lower court, in making the conditional order, has picked out of the air a figure upon which to base its suggested verdict to "give the parties an opportunity to arrive at an adjustment." What it has actually done is to grant a new trial because it arrived at a different conclusion as to the value of the land, and adopted a figure not testified to by any witness.

The order is reversed and the record remanded for the entry of judgment on the verdict.

---

DISSENTING OPINION BY BELL, J.:

With the possible exception of some psychiatric (opinion) testimony in murder cases, opinion evidence in land damage cases is often the most conjectural, unreliable and lowest kind of evidence ever allowed in a Court of justice: Cf. *Phillips's Estate*, 299 Pa. 415, 423, 149 A. 719; *Snyder's Estate*, 279 Pa. 63, 74-5, 123 A. 663.

To say that a trial Judge or a Court en banc abused its discretion by ordering a remittitur or granting a new trial because a jury's verdict was supported by *some* opinion evidence, gives to such opinion evidence a weight and stature which is unjustifiable, and deprives the trial Court of its inalienable power to correct a jury's errors and its bounden duty to see that justice is rendered even though it may necessitate the repeated grant of a new trial: *Elia v. Olszewski*, 368 Pa. 578, 84 A. 2d 188; *Maloy v. Rosenbaum*, 260 Pa. 466, 103 A. 882; *Bradican v. Scranton Rwy. Co.*, 260 Pa. 555, 103 A. 1013; *Shaughnessy v. Director General of R.R.*, 274 Pa. 413, 118 A. 390.

I would affirm the order of the Court below which, in its wise discretion, granted a new trial.

Mr. Justice MUSMANNO joins in this Dissenting Opinion.