## Yacabonis *v.* Gilvickas, Appellant.

Argued November 11, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*John L. McDonald*, with him *M. F. McDonald*, for appellant.

*William S. McLean*, with him *Thomas C. Moore*, *John R. Verbalis* and *Shortz, James & McLean*, for appellees.

OPINION BY MR. JUSTICE ARNOLD, January 11, 1954:

This was an action of trespass to recover damages for personal injuries resulting from an automobile accident. The plaintiff, Yacabonis, was the driver of a Buick sedan and Anna Gabis, the owner, and Patsy Yock were passengers in the car. Joseph Yock is the natural guardian of Patsy Yock. The plaintiff's car was travelling southerly on Route 309, an 18 foot concrete highway. This was intersected by the Rita-Albert county highway, an 18 foot blacktop road. The car driven by Yacabonis was on a through highway,

with a speed limit of 50 miles per hour. Gilvickas, the defendant, was travelling in an easterly direction on the Rita-Albert county highway. There was a stop sign facing him as he approached Route 309. The evidence of the plaintiff was that the defendant's car did not stop. The driver of the plaintiff's car testified that he was travelling about 35 miles an hour and that the Gilvickas car approached from the side road at about 40 miles per hour. One Stanley Weaver, the only disinterested eye witness, had parked his car off the highway and faced Gilvickas as he approached. He testified the defendant did not stop. Gilvickas did not testify. However, a state policeman interviewed him following the collision and he said he was travelling about 45 miles per hour. The wife of the defendant testified that he did stop.

Subsequent to the bringing of suit and before trial, Joseph Gilvickas was declared mentally incompetent and a guardian appointed under the Incompetents' Estates Act of 1951, 50 PS §1631 et seq. During the course of the trial the defendant's attorney, on at least six different occasions in the presence of the jury, sought to get on the record the fact that a guardian had been appointed for Gilvickas, and that witnesses for the plaintiff were incompetent because of that fact.

Yacabonis received no verdict and the other plaintiffs received verdicts which were clearly inadequate. Plaintiff moved for a new trial on this ground as well as the fact that the verdict was inconsistent and was against the weight of the evidence. The court granted a new trial as to all plaintiffs and the defendant appealed.

As to the inadequacy of the verdicts there can be no question. Patsy Yock was rendered unconscious, sustained a cut on the right knee requiring seven stitches

and a cut on the left knee requiring three stitches, and was hospitalized. She exhibited a scar over the left eyebrow and one near the hair line on the left side of the forehead. The latter still pained her when she combed her hair. The jury awarded her nothing for disfigurement, or for pain and suffering, but did allow her father, Joseph Yock, $105 for her medical attention and hospital bill. The jury had no right to award her father the special damages of $105 and not award the injured party anything. Of necessity she suffered pain, as the above meager recital of the facts clearly shows.

Anna Gabis was 66 years of age. She was hospitalized for 19 days and then taken home and remained in bed for four months. She was cared for by her daughter, a graduate nurse. Eight of her ribs were fractured, she contracted pneumonia while hospitalized and was in an oxygen tent for twelve days. She suffered considerable pain and was unable to do any work for 14 months. Her hospital bill amounted to $305, and her doctor bills totalled $172. It was admitted that her automobile was damaged to the extent of $600. Concerning these items there can be no question. In addition, she lost her dress and a pair of glasses testified to as being worth $41, and she presented a drug bill amounting to $515.75. In any event, the jury awarded her $1121. The hospital bill, doctor bill and damage to her car amounted to $1077. That she endured considerable pain and suffering is self-evident. This verdict was totally inadequate.

The court in its opinion commented upon the frequency with which defendant's attorney tried to get before the jury the appointment of a guardian for the defendant. It commented on the fact that since the jury found Gilvickas guilty of negligence, and since it awarded damages to Joseph Yock and Anna Gabis, it was bound to award all the damages which they suf-

fered, quoting from *Todd v. Bercini*, 371 Pa. 605, 607, 92 A. 2d 538, as follows: "If Mrs. Todd was entitled to a verdict from the defendant because of the injuries he inflicted upon her as the result of his negligence, she was entitled to *all* that the law provides in such a case. . . A jury may not eliminate pain from wounds when all human experience proves the existence of pain, . . . When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff."

The court also held that the fact of alleged incompetence of the defendant and the guardianship proceedings should not have been admitted in evidence. The Act of 1887, P. L. 158, 28 PS §322, relating to competency of witnesses, applies only in cases where a party to a civil proceeding is dead or has been *adjudged* a lunatic. An adjudication of incompetency is not an adjudication of lunacy. See Henry on Pennsylvania Evidence, 1953 Revision, Vol. 2, §767. Under the circumstances, if the defense wants to excuse the absence of defendant at the trial, it must actually be shown that he is incapable of testifying. Since the case must go back for the new trial awarded by the court, all reference to the alleged incompetency of the defendant, or the appointment of a guardian for him, or his inability to testify, should be made in offers outside the presence of the jury.

In conclusion the lower court stated: ". . . we are convinced that the jury was either wholly confused or were sympathetically influenced by the incompetency of the defendant." There seems to be no other explanation than this for the verdict of the jury. The lower court further stated: ". . . in our discretion, we feel that a new trial should be awarded to all plaintiffs," citing

*Sames v. Wehr,* 373 Pa. 282, 95 A. 2d 654. See also *Bergen v. Lit Brothers,* 354 Pa. 535, 47 A. 2d 671.
Order affirmed.