South Buffalo Township School District Appeal.

Argued November 12, 1954.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*W. Davis Graham,* for appellant.

*Edward J. Steiner,* for appellee.

OPINION BY ROSS, J., April 12, 1955:

This is an appeal from the granting of a new trial in an eminent domain proceeding.

The Trustees of Armstrong Lodge No. 239, Free and Accepted Masons, of Freeport are the owners of a tract of land comprising 100 acres, more or less, situated in South Buffalo Township, Armstrong County. The School District of South Buffalo Township, under the right of eminent domain, condemned approximately 10 acres of the tract for school purposes. Viewers were appointed and the sum of $10,000 was awarded to the landowners. The School District appealed from this award. After a jury returned a verdict in favor of the landowners in the sum of $2,500, the trial court granted a new trial and the School District took this appeal.

The witnesses called on behalf of the landowners and by the School District varied greatly in their opinion as to the before and after value of the land. This difference as given by the landowners' witnesses ranged from $25,000 to $32,000, and as given by the School District's witnesses the difference ranged from $2,500 to $5,000, only one of its witnesses testifying that the damage was as low as $2,500.

In granting a new trial the learned court below stated: ". . . we cannot lose sight of the fact that just and adequate compensation must be paid to property owners who have been deprived of their property as a result of the exercise of the right of eminent domain. After careful consideration we can come to no other conclusion than that the verdict is against the weight of the evidence, and that the interests of justice re-

quire that a new trial be awarded." In concluding that the damages awarded were inadequate the trial court no doubt considered, as he had a right to do, that the jury's verdict was only one-fourth of the amount awarded by the viewers.

In contending that the trial court erred in granting a new trial, the appellant relies upon *Crumrine v. Washington County Housing Authority,* 376 Pa. 234, 101 A. 2d 676, in which the Supreme Court reversed the granting of a new trial by the court below on the ground that the verdict of the jury was "to some extent excessive". That case is clearly distinguishable from the one before us. In it the lower court did *not* find, as it did here that the verdict was against the weight of the evidence; and that justice required a new trial.

In *Gibson v. Hallacher,* 176 Pa. Superior Ct. 539, 107 A. 2d 449 (allocatur refused), we stated at pages 540-541: "The granting of a new trial for inadequacy of the verdict is a matter for the sound discretion of the court below (*Fabel v. Hazlett,* 157 Pa. Superior Ct. 416, 43 A. 2d 373), and in the absence of a gross abuse of such discretion, we will not reverse. [citing cases]. Consequently, the question before us is not whether *in our opinion* the verdict of the jury was inadequate, but solely whether the trial court committed a gross abuse of discretion in granting a new trial because *in its opinion* it was inadequate." Certainly in this case we cannot say that the learned court below in granting a new trial committed a gross abuse of discretion.

Order affirmed.