## Streda Estate

*Norman Snyder*, for Commonwealth.

*Melvin E. Caine*, for respondent.

VAN RODEN, P. J., November 6, 1957.—The Commonwealth of Pennsylvania has filed a petition for the appointment of a guardian ad litem, later amend-

ed to pray for the appointment of a guardian of the estate of an alleged incompetent, who is presently confined in the Norristown State Hospital.

The petition is opposed by the alleged incompetent and his family.

From the testimony and other evidence submitted at a hearing held in open court on October 14, 1957, the court finds the following facts:

Prior to June 1956, the alleged incompetent lived with his wife and children at 75 Lownes Lane, Springfield, Delaware County.

In June 1956, he was arrested on a criminal charge which case has not yet been tried. Upon petition of the warden of the Delaware County Prison, a sanity commission was appointed. By order of the Court of Quarter Sessions of Delaware County (per Toal, J.), it was adjudged that the prisoner was mentally ill, but not of criminal tendencies, and it was directed that he be committed to the Norristown State Hospital to be there detained and treated as a mentally ill person.

It appears that the alleged incompetent was then and is now suffering from dementia praecox, paranoid type. He has delusions of persecution and is convinced that his neighbors have joined in a conspiracy to fill his home with poison gas.

The case history indicates that the alleged incompetent had at one time been interred in a concentration camp in Czechoslovakia, and it may well be that the horrible experiences endured during the period of confinement provide the explanation for his present mental illness.

The issue presently before the court must not be confused with the issue which was before the court of quarter sessions. In the court of quarter sessions the sole issue was whether defendant should be confined in a hospital by reason of mental illness. In the in-

stant case, it is necessary for petitioner to assume the added burden of proving that the mental illness has rendered respondent incapable of managing his own property.

Dr. Arthur F. Noyes, superintendent of the Norristown State Hospital, testified in conformity with the statutory formula that in his opinion respondent "is of unsound mind and he might dissipate his estate", and is liable to become the victim of designing persons. However, Dr. Noyes testified to no facts in support of his opinion and on cross-examination testified that he did not at any time question respondent concerning the extent of his property nor did he ask him if any individuals had made any claim against his property, nor did he discuss with him the possibility that someone might attempt to remove his property or alienate it in any way from him.

Respondent testified in his own behalf and demonstrated an intelligent grasp of his financial situation, recited detailed facts as to the mortgage arrangements relating to his home and convinced the court that he is well familiar with the nature and extent of any property now or heretofore owned by him. He further expressed confidence that his wife was well able to handle all financial transactions on his behalf while he would be confined in the hospital. It seems to the court that respondent's paranoid delusions have had to date no relation to, or effect upon, the management, control and preservation of his property or his business transactions.

Thus we are faced with the anomalous situation where an individual may be insane by reason of paranoid delusions but is, nonetheless, able to manage his property, particularly with the assistance and cooperation of his wife.

Legal insanity is not in itself sufficient ground for the appointment of a guardian for the estate of an

alleged incompetent. The law distinctly recognizes the difference between a lunatic and a weak-minded person: William De Bourbon Heft, alleged lunatic, 22 Pa. C. C. 289, 8 Dist. R. 99 (1899). An adjudication of lunacy is not synonymous with incompetency to handle property. See Yacabonis v. Gilvickas, 376 Pa. 247 (1954).

The Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, sec. 102, 50 PS §3102, defines incompetent as "a person who, because of mental infirmities of old age, mental illness, mental deficiency, drug addiction or inebriety, is unable to manage his property, or is liable to dissipate it or become the victim of designing persons". In other words, the criterion is not the mental illness, but rather the inability to manage property by reason of the mental illness. Unless the mental illness produces or results in such inability to manage property, the court is not warranted in appointing a guardian for the estate of the mentally ill person.

Although the court recognizes Dr. Noyes to be an expert possessing the highest qualifications and professional eminence, nevertheless his bare assertion of opinion that respondent might dissipate his estate or be liable to become the victim of designing persons, being unsupported by any facts and at variance with respondent's convincing demonstration of familiarity with business details and ability to manage his property, has failed to overcome the reluctance of the court to deprive respondent of the very valuable right to control his own property. Petitioner having failed to meet the burden imposed on it by law, the petition must be dismissed.

Accordingly, the court enters the following

*Decree*

And now, to wit, November 6, 1957, the petition for the appointment of a guardian for the estate of Fran-

cis A. Streda, an alleged incompetent, having come on to be heard by the court and after full and careful consideration, the court being of the opinion that the incompetency of respondent, within the meaning of the Act of 1955, has not been established, it is hereby ordered, adjudged and decreed as follows:

1. The petition for the appointment of a guardian for the estate of Francis A. Streda, an alleged incompetent, is hereby dismissed, without prejudice to the rights of petitioner or any other interested person to present another petition in the future if warranted by change of circumstances.

2. The costs of these proceedings shall be borne by petitioner.