189 Pa. Superior Ct. 430 (1959)
Mains
v.
Moore (et al., Appellant).
Superior Court of Pennsylvania.
Argued March 18, 1959.
April 16, 1959.
*431 Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
*432 G. Clinton Fogwell, with him Reilly, Wood & Fogwell, for additional defendant, appellant.
D.T. Marrone, with him MacElree, Platt & Marrone, for original defendant, appellee.
OPINION BY ERVIN, J., April 16, 1959:
This is an action in trespass growing out of the collision of two automobiles. Edward W. Harvey was the driver of a Ford sedan owned jointly by Gerald Mains and Ferne L. Mains, his wife's parents. Harvey had two adult passengers in his car, his wife, Mary Alice Harvey, and her mother, Ferne L. Mains. The other automobile was owned and operated by Charles H. Moore, Jr. Harvey was traveling northwardly on a rural road, State Highway No. 15077, an 18-foot wide blacktop road, from Northbrook to Marshallton in Chester County on December 29, 1954 in the middle of a rainy afternoon. At Dogtown, the scene of the accident, the road makes a fairly sharp left turn and a farm house on the left interferes with the vision of both northbound and southbound drivers. On the east side of the turn, and across the highway from the farm house, a small country road known as Wawaset Road heads off southeastwardly from Route 15077. For the *433 first 100 feet from the intersection it is paved with macadam and then it becomes a dirt road. Moore was traveling southwardly on Route 15077, which he intended to leave at the intersection to proceed down Wawaset Road. Harvey testified that upon approaching the turn he was traveling at about 20 to 25 miles per hour. He saw the house and hedge on his left and as he negotiated the curve he saw the Moore car coming down the highway. He was on the right side of the road with the right side of his vehicle only one foot from the eastern edge of the paved surface and the left side of his vehicle one foot to the right or east of the roadway center in the curve. It was at this time, when he was almost stopped, that Moore attempted to cut in front of Harvey, crossing the northbound lane of Route 15077 to enter Wawaset Road. The right front of Moore's car came into contact with the left front of Harvey's car. Both drivers had traveled the highway before and were familiar with the area in question. Moore testified that he approached the intersection at about 30 to 35 miles per hour and slowed down as he came near the right-hand curve. Neither driver could see the other car until they were a short distance apart. The adult occupants of the Harvey car, together with Gerald Mains, absentee co-owner, brought suit against Moore for property damage and bodily injuries. By appropriate order the claim of Edward W. Harvey, as plaintiff, was severed from those of the other plaintiffs and thereafter Edward W. Harvey was joined as additional defendant in the claims of the other three plaintiffs against Moore on the grounds of sole liability or, in the alternative, joint and several liability. The cases were tried together and resulted in verdicts for the plaintiffs against defendant Moore alone. Edward W. Harvey was absolved from liability as additional defendant and won a verdict against Moore as defendant. *434 Plaintiffs filed motions for new trial on the grounds that all of the verdicts were inadequate. The court below determined that the verdicts were inadequate and granted new trials against both defendants. We agree with the court below that the verdicts were shockingly inadequate and that new trials should have been granted. The additional defendant, Edward W. Harvey, appealed. He argues that the new trials should have been granted against the original defendant, Charles H. Moore, Jr., "either generally or as to damages alone."
Ordinarily the grant of a new trial means a new trial generally; it restores a case to the status it had before the trial took place and is fully open to be tried de novo as to all parties and all issues: Pa. Co. for Ins. on Lives v. Lynch, 308 Pa. 23, 28, 162 A. 157; Iwankow v. Colonial Ins. Co., 120 Pa. Superior Ct. 114, 120, 181 A. 870.
When a court grants a new trial on the ground of inadequacy of verdict, an appellate court, in the absence of a gross abuse of discretion, will not interfere: Schwartz v. Jaffe, 324 Pa. 324, 188 A. 295; Sherman v. Manufacturers L. & H. Co., 389 Pa. 61, 68, 69, 132 A. 2d 255; Krusinski v. Chioda, 394 Pa. 90, 100, 101, 145 A. 2d 681; Murosky v. Spaulding, 188 Pa. Superior Ct. 306, 146 A. 2d 339.
In Millenson v. City Stores Co., 382 Pa. 39, 114 A. 2d 80, our Supreme Court, speaking through Mr. Justice BELL, said: "The pertinent law is thus stated in Decker v. Kulesza, 369 Pa. 259, 263, 85 A. 2d 413: `While an award of a new trial is an inherent power of the court and its exercise a matter of discretion, the discretion is not an absolute one and it is the duty of this Court to review and determine whether there has been an abuse of discretion: Jones v. Williams, 358 Pa. 559, 58 A. 2d 57; Martin v. Arnold, 366 Pa. 128, *435 77 A. 2d 99; Steward v. Ray, 366 Pa. 134, 76 A. 2d 628.'"
The Supreme Court has reviewed and reversed the trial court's grant or refusal of a new trial in a number of cases.[1]
The Supreme Court has reviewed and affirmed the trial court's grant or refusal of a new trial in a number of cases.[2]
Under most authorities a new trial may, in the discretion of the court and where justice requires, be granted to determine the measure or amount of damages only; but the rule is to be applied cautiously and is subject to qualification, such as that there be no error as to other issues and that the issue of damages be separable from the other issues, including liability: 66 C.J.S., New Trial, § 11e(1).
When some fundamental error permeates the whole case, a new trial should be granted to all parties: *436 Smith v. Flannery, 383 Pa. 526, 532, 119 A. 2d 224. In the present case the court below in its charge to the jury in effect said that Harvey had the right of way at this intersection because he was on the right and that Moore should have yielded the right of way to Harvey because he, Moore, was on the left. At the conclusion of the charge, Moore's counsel specifically excepted to the refusal of the trial judge to charge the jury that the driver on the right may relinquish or forfeit his right of way by operating his vehicle at an unlawful speed: § 1013, The Vehicle Code, 75 PS § 572(a). He also called the court's attention to § 1002 of The Vehicle Code, 75 PS § 501(a), that it is unlawful to operate at a speed without due regard to the traffic, width and surface of the highway and of any other conditions or restrictions then and there existing. We think that it was error for the court to refuse to charge as thus requested and that this error may very well have caused the jury to exculpate Harvey from negligence. For this reason alone the court below was not only justified but certainly, to do justice, should have brought the additional defendant Harvey back into the case for the new trial so that this error might be corrected.
In order to justify a new trial on the question of damages only there must be a finding of liability on clear proof. We agree with what the court below said that "There was, and will be again, a real issue of fact for the jury to determine as to the negligence of both Moore and of Edward W. Harvey. Where, as here, the rights not only of Harvey himself but also of both Gerald and Ferne L. Mains, both individually and as tenants by the entireties, depend in substantial measure upon a jury's finding as to Harvey's negligence, all relevant circumstances in that respect should be before them." The co-owner, Ferne L. Mains, was present *437 in the car, which was being operated by her son-in-law Harvey, and without proof to the contrary there was a presumption that he was operating as her agent. Therefore, the negligence of Harvey, if any, would be imputed to the owners of the car. Where several claims involving common factual questions are consolidated for trial, a new trial under certain circumstances may be required as to all the parties in order to prevent inconsistent verdicts: Fisher v. Dye, 386 Pa. 141, 125 A. 2d 472; Pascarella v. Pittsburgh Rwys. Co., 389 Pa. 8, 131 A. 2d 445; Liebendofer v. Wilson, 175 Pa. Superior Ct. 632, 635, 107 A. 2d 133; Maloney v. Rodgers, 184 Pa. Superior Ct. 342, 135 A. 2d 88. Whether Harvey, being familiar with this curve and intersection, drove into the intersection at too great a speed, under all the circumstances, was a very real question in this case. It was raining very hard at the time and he could not see around the curve because of the house and hedge on his left. It was a narrow, 18-foot wide blacktop country road. A jury might very well find that to drive into such an intersection at 25 to 30 miles an hour is too great a speed under all the circumstances here present.
Where there is ground, such as the gross inadequacy of the damages, if plaintiff is entitled to recover at all, for a strong suspicion or inference that the award of damages was made as a result of a compromise by the jury involving the question of liability, a new trial should not be ordered on the question of damages alone: 66 C.J.S., New Trial, § 11e(5). In the present case it may very well be that the jury believed that Harvey did contribute some negligence to the happening of the accident and that may account for the inadequate damages which it gave to him and the other plaintiffs, they being his wife, his mother-in-law and father-in-law. If this was really a compromise *438 verdict, a re-trial of the issue of damages without a re-trial of the issue of negligence of both defendants would deprive the original defendant Moore of the opportunity to have the next jury render another compromise verdict in a more adequate amount or a verdict for him, the defendant Moore. See Esposito v. Henderson, 185 Pa. Superior Ct. 479, 137 A. 2d 900.
For all of the above reasons we are unable to say that the court below manifestly or grossly abused its discretion in granting the new trial as to both defendants together with all issues of negligence, contributory negligence and damages.
Orders affirmed.
NOTES
[1] Fitzpatrick, Admrx. v. Sheppard et al., 346 Pa. 240, 29 A. 2d 475; Jones et vir v. Williams, 358 Pa. 559, 58 A. 2d 57; Martin v. Arnold, 366 Pa. 128, 77 A. 2d 99; Stewart v. Ray, 366 Pa. 134, 76 A. 2d 628; Carroll v. Pittsburgh, 368 Pa. 436, 84 A. 2d 505; Decker v. Kulesza, 369 Pa. 259, 85 A. 2d 413; Beal v. Reading Co., 370 Pa. 45, 87 A. 2d 214; Wargo v. Pittsburgh Railways Co., 376 Pa. 168, 101 A. 2d 638; Crumrine v. Washington County Housing Authority, 376 Pa. 234, 101 A. 2d 676; Smith v. Allegheny Co., 377 Pa. 365, 105 A. 2d 137; Londrino v. Equitable Life Assurance Society, 377 Pa. 543, 105 A. 2d 333; Millenson v. City Stores Co., 382 Pa. 39, 114 A. 2d 80; Wilt v. Blazier, 382 Pa. 143, 114 A. 2d 111; City Products Corp. v. Bennett Brothers, 390 Pa. 398, 135 A. 2d 924; St. Clair Cemetery Assoc. v. Commonwealth, 390 Pa. 405, 136 A. 2d 85; Glaister v. Eazor Express, Inc., 390 Pa. 485, 136 A. 2d 97.
[2] Bellettiere v. Phila., 367 Pa. 638, 81 A. 2d 857; Gawron v. Levine, 373 Pa. 384, 96 A. 2d 149; Katz v. Montague, 380 Pa. 273, 110 A. 2d 178; Edelson v. Ochroch, 380 Pa. 426, 111 A. 2d 455; Ratcliff v. Myers, 382 Pa. 196, 113 A. 2d 558; Smith v. Blumberg's Son, Inc., 388 Pa. 146, 130 A. 2d 437; Hartigan v. Clark, 389 Pa. 283, 133 A. 2d 181.