Ray, to use, *v.* Philadelphia, Appellant.

Argued January 19, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Howard E. Stern,* with him *O. Charles Brodersen,* Assistant City Solicitors, and *Francis F. Burch,* City Solicitor, for appellant.

*David H. H. Felix,* of *Felix & Felix,* with him *Charles L. Taylor,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1942:
This appeal is from the refusal of a new trial, and the entry of judgment on the verdict, in a land damage

case arising out of the exercise of the right of eminent domain by the City of Philadelphia in widening Passyunk Avenue, one of its highways.

The first assignment of error, and the only one necessary to consider, is that the learned court below erred in instructing the jury, and later in holding in its memorandum opinion under Rule 58, that the testimony of Louis A. Harrison, an expert called by the City, that the market value of plaintiff's property was $3,000.00, was "a factual admission by the City of the damages suffered by the plaintiff, and by it the City was bound in the absence of contradiction."

Harrison had testified that the market value of the property, at the time of the condemnation, was $820. Although he stated on cross-examination that he knew that the property was rented for $50.00 a month or $600.00 a year, he explained it had only the value he gave it because the widened street had been plotted on city plans long before the taking and that that had affected its value. When informed his opinion was based on a wrong assumption, which was contrary to law, and that such plotting had no effect on market value, he revised his opinion and placed the value at $3,000. The change in attitude of Harrison surprised the City. It had appealed from an award of $1185 by the Board of View, before which the highest estimate of the witnesses for plaintiff had been $1820. It was in evidence that plaintiff had purchased the property, less than two years before, at a sheriff's sale for $800. At this trial two witnesses for plaintiff testified to a market value of $9100 and $10,000 apparently on the basis of the lease.

The learned trial court, having decided the City was bound by the testimony of Harrison, informed the City Solicitor that he must not argue to the jury that the market value of the property was less than $3,000. In its charge the court said: "You will disregard any claim on the part of the City that the land was worth less than $3,000." This was the equivalent of binding instructions

for that amount; the property had value and the jury was bound to find in some amount for plaintiff. This action was taken despite the fact that there was evidence, which, if believed by the jury, would have resulted in a verdict for a lesser sum. At the same time the learned court took from the jury its exclusive right to determine the credibility of the testimony and the weight and effect to which it was entitled.

Expert witnesses are not the jury. " 'They cannot take the stand and say such and such is the case and then decide the case . . . any . . . expert testimony . . . is merely opinion testimony. It may be of value and it may be of no value, just as it appeals to you [the jury].' ": *Commonwealth v. Shults,* 221 Pa. 466, 467-8. In all such matters the jury must be left to the free exercise of its own judgment. It cannot be bound by the opinion of the witnesses or the instruction of the court.

It might be said that the learned court only bound the City by the alleged admission, and that the jury was left free to accept Harrison's opinion or reject it. We cannot accept this view because it is impossible to know how much the jury was influenced by the language of the court, and the prohibition placed on the City Solicitor. We are much more inclined to believe, under the circumstances, that the jury followed the lead of the court, and accepted the $3,000 valuation as its starting point. It returned a verdict for $5,000 without giving anything for detention.

Was the opinion expressed by Harrison "a factual admission by the City?" An opinion is only that; it creates no fact. It is what someone thinks about something, and the thought may be precisely accurate or totally inaccurate, and yet represent the absolutely honest conviction of the person who expresses it. Because of this, opinion evidence is generally considered of a low grade, and not entitled to much weight against positive testimony of actual facts. There is a great difference between factual and opinion testimony. In the one the witness

testifies to the fact and certifies that what he says of it is true. In the other, he only testifies to his opinion that such a thing is true, and certifies only to his integrity of belief. He says he believes his opinion to be correct, but he does not warrant it to be true, and does not pretend that he cannot be mistaken. The world is mad with opinions upon every imaginable subject, but fortunately we only have to take those we approve. And so it is with juries; they may reject in toto the opinion of any witness they disbelieve, and this whether that opinion is contradicted or not.

To illustrate, it would be difficult to get a more apposite case than the instant one. It is impossible, or next to it, for anyone to know the dollar and cent market value of any piece of real estate. Some think they know, but when pressed are forced to admit that their valuation is only their opinion. There are so many elements, so many contingencies, so many uncontrolled factors, that enter into the market value of real estate, that nothing less than an actual sale of the same or like property under similar conditions, can really fortify a person to say he knows the precise market value of the property. And even then, changes are so sudden and all conditions seldom known, that almost invariably all the influences which promote a sale in one case are seldom present in another. In land damage cases it is usual to call a number of witnesses on each side to prove market value. It would be most unusual to find all the witnesses in agreement as to the exact value. They give their opinions, and while those on each side are frequently in substantial agreement, it is seldom they each offer the same valuation. This very fact, the constant disagreement as to market value, shows how unfair it would be to bind anyone by the opinion of any such witness.

What we have said in no way conflicts with what we held in *Mudano v. Phila. Rapid Transit Co.*, 289 Pa. 51. That case very properly decided that a plaintiff, having the burden of proof, was bound to prove, by testimony

that did not neutralize itself, the essentials of a case of liability in order to recover. There two expert medical witnesses contradicted each other so flatly that they destroyed their testimony, and without competent testimony on that point the plaintiff failed to maintain the burden of proof.

We therefore conclude that the opinion evidence of a witness is not so far vouched for by the party calling him as to warrant a directed verdict for his adversary if the latter has the burden of proof on the issue involved. The trial court's instruction that defendant was bound by the valuation placed upon the land by its expert was thus erroneous, and because of this a new trial must be granted.

Judgment reversed with a venire facias de novo.