Novak Unemployment Compensation Case.

50

Argued June 17, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Sheldon Tabb,* with him *Ocks & Fisher,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., September 16, 1960:

This is an appeal from the decision of the Unemployment Compensation Board of Review denying the appellant unemployment compensation on the ground that she was disqualified under the provisions of §402(b)

of the Unemployment Compensation Law, 43 P.S. §802(b).

This part of the law provides: "An employe shall be ineligible for compensation for any week— . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . ."

The claimant was pregnant. During the time in question, the law provided that she was conclusively presumed to be unavailable for work and ineligible for benefits for any week of unemployment after seven and one half months[1] of pregnancy. §401(d) of the Law, supra. She left her employment September 11. The child was expected December 18. She claims benefits for the weeks between September 11 and one and one-half months prior to the expected birth. The bureau found she voluntarily resigned due to pregnancy. Upon appeal, the referee found for her, but the board found against her.

She worked for the Curtis Publishing Co. as a general office clerk. One of her duties was to take readings off of the presses, which she did every two hours. She claims that because of her pregnancy she was afraid that while making these readings she might fall because the floor around the presses was slippery.

The employer would have permitted her to continue her employment until 7½ months of her pregnancy had been reached. Since she voluntarily terminated her employment prior to that time, the burden was upon her to show cause of a necessitous and compelling nature for so doing. *Johnson Unemployment Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458 (1956). The board concluded that she had not met that burden.

---

[1] Now, 30 days prior to anticipated birth. Act No. 693 (1959).

Where the decision of the board is against the claimant, the question for us is whether the board's findings of fact are consistent with each other and with its conclusion of law and its order, and whether the decision can be sustained without a capricious disregard of the competent evidence. The reasonable inferences to be drawn from the testimony as well as the credibility of the witnesses and the weight of their testimony are for the board. We must examine the testimony in the light most favorable to the party in whose favor the board has found, and give that party the benefit of every inference which can be logically and reasonably drawn from it: *Mettetal Unemployment Compensation Case*, 187 Pa. Superior Ct. 291, 293, 144 A. 2d 586 (1958); *Tronieri Unemployment Compensation Case*, 164 Pa. Superior Ct. 435, 436, 65 A. 2d 426 (1949); *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

The board found as a fact that "The claimant voluntarily terminated her employment . . . because of pregnancy." The evidence concerning the floors was contradictory. It was a question of fact whether the condition of the floors constituted a cause of compelling and necessitous nature for her quitting her employment. The board decided against her. A trier of fact is not *required* to accept even uncontradicted testimony as true: *Lavely Unemployment Compensation Case*, 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352 (1948); *District of Columbia's Appeal*, 343 Pa. 65, 79, 21 A. 2d 883, 890 (1941). There was no capricious disregard of evidence in the board's finding that the condition of the floors did not constitute a cause of necessitous and compelling nature for her leaving.

If she is to be eligible for unemployment benefits, her conduct must be consistent with a genuine desire to work, when she is pregnant as well as when she is

not. See *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260 (1946).

Decision affirmed.