## Heriger Unemployment Compensation Case.

572

Argued April 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lucille Heriger,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

Claimant, Lucille Heriger, has appealed from the order of the Unemployment Compensation Board of Review refusing her unemployment compensation for the reason that she voluntarily terminated her employment without cause of a necessitous and compelling nature.

The facts found by the board and supported by the evidence established that claimant, when four months pregnant, requested and received a leave of absence from her employer, the Sylvania Electric Products, Inc., Brookville, Pennsylvania, on May 8, 1959 although

work was available for her at the time. She did not claim as a reason for requesting the leave of absence that she was physically unable to work. On the contrary, she recites her reason as follows: "When my husband and I separated I asked my supervisor for a transfer and she told me they do not transfer employes unless it will benefit the company. So she advised me to take a maternity leave, so in the event my husband settled down I would have a job if I came back. He has filed for a divorce and I am not going back and live in the same town."

Claimant's baby was born on October 15, 1959 in North Tonawanda, New York where she had moved so as to be near her mother, after having separated from her husband. At no time since receiving her leave of absence has she sought to return to Brookville and she continues to reside in North Tonawanda, where she has made unsuccessful attempts to secure other employment, since the birth of her child.

Claimant contends she is available for work in North Tonawanda, where she may leave her new baby with her mother, but she will not return to Brookville.

Since claimant did not return to her former employment before, or at the expiration of her leave of absence, this case must be decided on the validity of her separation on May 8, 1959: *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A. 2d 906. The amendment of section 402(b) of the Unemployment Compensation Law, 43 P.S. 802(b) (PP), declaring that voluntary separation because of pregnancy is not a cause of a necessitous or compelling nature, was not in effect at this time. However, it does not appear that claimant's pregnancy was the reason for her separation. She merely used that reason to secure the leave of absence because pregnant employes received them upon request. Her real reason for separating was to avoid contact with her husband, and that reason con-

tinued for her refusal to return to her former job with Sylvania in Brookville, at or before the expiration of her leave of absence.

Under the circumstances of this case the board was well justified in concluding that claimant did not indicate a genuine desire to work as required to secure compensation: *Novak Unemployment Compensation Case,* 193 Pa. Superior Ct. 49, 164 A. 2d 17, and had voluntarily terminated her employment without cause of a necessitous and compelling nature.

What constitutes cause of a necessitous and compelling nature must meet the test of ordinary common sense and prudence. *Szojka Unemployment Compensation Case,* 187 Pa. Superior Ct. 643, 146 A. 2d 81. In the present case, claimant has not met her burden of satisfying that rule. Her pregnancy was not compelling; nor did her dispute with, and separation from her husband in any manner indicate any interference with her employment situation. In short, she quit to get away from her husband.

Order of the board is affirmed.