371 F.2d 543
 Roselyn L. HASSEL, Administratrix of the Estate of Arthur J.
Hassel, Deceased
v.
Leo A. HOLT, Individually and Trading as Holt Truck Rental
Co. and as Holt's Warehouse Company, Appellant.
 No. 16071.
 United States Court of Appeals Third Circuit.
 Argued Dec. 22, 1966.
Decided Jan. 18, 1967.
 
 Joseph G. Manta, Philadelphia, Pa. (James M. Marsh, William B. Freilich, LaBrum & Doak, Philadelphia, Pa., on the brief), for appellant.
 S. Gerald Litvin, Philadelphia, Pa. (Freedman, Borowsky & Lorry, Philadelphia, Pa., on the brief), for appellee.
 Before BIGGS, HASTIE and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from the denial of the defendant's motions for judgment n.o.v. and in the alternative for a new trial. In these motions, the defendant contended that the trial judge improperly charged the jury that it could not find the plaintiff contributorily negligent, that the trial judge wrongly refused to charge the jury that opinion evidence is 'not entitled to much weight' and finally, that the judge erred in ruling that the defendant's stipulation to certain testimony barred it from later objecting to the hearsay content of that testimony. We cannot agree.
 
 
 2
 Hassel, the plaintiff's decedent, was foreman-weighmaster with A. Perez and Son Co. The record shows that Hassel, as was his custom, helped to load the trailer which the defendant, Holt, had delivered to Perez the previous day. Using the customary method, Hassel drove a forklift up a steel plate and onto the trailer. The steel plate slipped. Hassel adjusted the plate and then backed out. The trailer moved six or seven feet. Hassel and the forklift fell into the chasm thus created between the ramp and the trailer. Hassel was crushed to death.
 
 
 3
 The driver, the defendant's employee who had delivered the truck to Perez the previous day, testified, when called by the plaintiff, that he had checked the air brakes and chocked the wheels of the trailer. The record contains no evidence that it was the responsibility of any person other than the driver who delivered the trailer to check its brakes and chock its wheels. In the light of all the circumstances we cannot conclude that the trial judge erred when he charged the jury that there was no evidence on which a finding of contributory negligence could be based.
 
 
 4
 Holt's second contention, which we also find to be without merit, is that the court committed reversible error in refusing to charge that the testimony of Pruyn, an expert called by the plaintiff, was of 'low grade and not entitled to much weight against the positive testimony of actual facts.', citing Ray to Use of Miller v. City of Philadelphia, 344 Pa. 439, 25 A.2d 145 (1942). We do not perceive the 'positive testimony of actual facts' to which Holt refers. The truck driver, Kirk, testified that he braked the trailer and chocked its wheels, but this testimony does not establish as positive facts that his work was adequately performed or done with due care.
 
 
 5
 Holt next insists that the court below erred in overruling its objection to the hearsay content of certain testimony despite its earlier stipulation that the testimony be read to the jury in the absence of the witness. This point is quite without merit. It is clear that Holt in substance consented to the procedure followed. Indeed, it was not until the end of the testimony in the case that the objection on the ground of hearsay was made. Cf. Sleek v. J. C. Penney, 324 F.2d 467, 472-473 (3 Cir. 1963).
 
 
 6
 All other points raised by Holt on this appeal have been considered, but we are of the view that they do not require discussion.
 
 
 7
 The judgment of the court below will be affirmed.