376

## Perun v. F. W. Woolworth Company

*June Schulberg*, for plaintiff.

*Fred W. Dunton*, for defendant.

SILVESTRI, J., January 6, 1972.—The above case is before the court on the defendant's objection to plaintiff's certified physician's bill filed pursuant to Local Rule 303E(3) (a) (2) which provides as follows:

"(a) In actions involving personal injury, the following bills may be offered and received in evidence without further proof, for the purpose of proving the value and reasonableness of the charges for service. . .

"(2) Bills of doctors ; . . , each bill not to exceed $150.00 in amount . . . , when dated and containing a statement showing the date of each visit and the charge therefor, and accompanied by a certification of the correctness and reasonableness of the charges, and that the service rendered was, in his opinion, necessary and causally connected with the incident involved."

The certified physician's bill filed by plaintiff in addition to complying with all of the foregoing requirements of the above-quoted rule, contains an additional statement as follows:

"I diagnosed said injuries as acute strain of cervical spine, severe sprain of left foot and ankle, contusions of right and left elbows, contusions and sprain of right ankle. Aggravation of cervical arthritis and left foot and ankle arthritis due to trauma."

Defendant seeks to strike the diagnosis of the doctor from the certified physician bill as being outside the scope of the aforesaid rule.

The rule as written does not specifically set forth that the findings, diagnosis and prognosis of the treating physician are to be included in the statement filed by plaintiff. However, since the rule requires the physician to certify ". . . that the service rendered was in his opinion, necessary and causally connected with the incident involved," it is difficult for this court to understand how this can be done without setting forth the injuries sustained by the claimant.

The rule does not mean that the arbitrators are precluded from questioning the credibility of the certification of the physician. The certified bill is merely a substitute for the presence of the physician to give his testimony orally. Oral testimony even uncontradicted is always subject to the test of credibility by the factfinder: Ray, to use, etc. v. Philadelphia, 344 Pa. 439, 25 A. 2d 145 (1942), and Novak Unemployment Compensation Case, 193 Pa. Superior Ct. 49, 164 A. 2d 17 (1960).

To disallow the inclusion of the findings of the injuries sustained by the claimant would frustrate the purpose of the rule and possibly lead to fraudulent filing of certified physician bills.

The purpose of the arbitration rules and particularly the section now under examination is to have a speedy, just and inexpensive determination of small claims without all the technical requisites of the Pennsylvania Rules of Civil Procedure; and, of importance, that

claimants with small claims may prosecute their claim without engaging counsel.

To permit a claimant to submit only certified bills from a physician and not a statement of injuries would not accomplish the purpose of the rule. If the claimant must produce the physician to testify as to the injuries, the physician would also testify as to the bill for his services and there would be no need for the rule and there would be no minimizing of expense or time.

If the rule were applied literally, as contended for by defendant, the factfinder would be in no position to determine the value of a claim solely on the certified bill. An important factor in arriving at the value of a claim is the nature and extent of the injury, and if the rule is to have meaning, that is, avoid the time and expense of bringing in the physician, it is necessary that the nature and extent of the injury be set forth in the certified physician bill.

One other matter deserves mention, although the court feels that its occurrence would be remote, namely, if the claim is to be determined, inter alia, on the certified bill of the physician, and the physician not being present, to not permit a statement of the nature and extent of the injuries would possibly lead to excessive and unsubstantiated claims for minimal or nonexistent injuries.

Accordingly, we hold that Local Rule 303E (3) (a) (2) does not preclude including in the certificate of the bill by the physician a statement as to the nature and extent of the injuries sustained by the claimant.

## ORDER

And now, January 6, 1972, the motion of defendant to strike the diagnosis of the physician contained in the certified bill of the physician is denied.