NINE PENN CENTER ASSOCIATION

v.

CITY OF PHILADELPHIA BOARD OF REVISION OF TAXES, The City of Philadelphia and The School District of Philadelphia.

City of Philadelphia Board of Revision of Taxes and The School District of Philadelphia, Appellants.

PHILADELPHIA AIRPORT BUSINESS CENTER

v.

CITY OF PHILADELPHIA BOARD OF REVISION OF TAXES and School District of Philadelphia, Appellants.

SIX PENN CENTER ASSOCIATES

v.

BOARD OF REVISION OF TAXES OF CITY OF PHILADELPHIA, City of Philadelphia, School District of Philadelphia.

Board of Revision of Taxes of City of Philadelphia and School District of Philadelphia, Appellants.

LINCOLN PHILADELPHIA REALTY ASSOCIATES

v.

CITY OF PHILADELPHIA BOARD OF REVISION OF TAXES and School District of Philadelphia, Appellants.

PHILADELPHIA AIRPORT BUSINESS CENTER

v.

BOARD OF REVISION OF TAXES, CITY OF PHILADELPHIA and School District of Philadelphia.

Board of Revision of Taxes and School District of Philadelphia, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1995.
Decided Dec. 22, 1995.

Alice Beck, Deputy City Solicitor, for appellants.

Thomas A. Leonard, for appellees Nine Penn Center Associates, Lincoln Philadelphia Realty Associates I and Lincoln Philadelphia Realty Associates II.

Bruce Alan Herald, for appellee Philadelphia Airport Business Center Limited Partnership.

Before SMITH, NEWMAN, JJ., and MIRARCHI, Senior Judge.

NEWMAN, Judge.

The Board of Revision of Taxes (the Board), the City of Philadelphia (the City) and the School District of Philadelphia (District) (collectively, Appellants) appeal from orders of the Court of Common Pleas of Philadelphia County (trial court) that remanded nine cases to the Board "for determination of the amount of 'benefit' (exemption), if any, that is due each taxpayer." For the reasons that follow, we quash the appeals.

Nine Penn Center Associates, Six Penn Center Associates, Lincoln Philadelphia Real Estate Associates, and Philadelphia Airport Business Center (Taxpayers) are the owners of commercial properties that in 1986, 1988 and 1991 received five-year tax abatements under Section 19–1303(3) of the Philadelphia Code (Code). Section 19–1303(3), which was enacted pursuant to the Local Economic Revitalization Tax Assistance Act (LERTA), Act of December 1, 1977, P.L. 237, *as amended*, 72 P.S. §§ 4722–4727, provides for exemption from taxation for improvements to commercial property located in deteriorated areas.

Taxpayers obtained their exemptions by applying to the Board within sixty days of the issuance of their respective building permits, as required by Section 19–1303(3)(D)(3)(a) of the Code. Without affording the Taxpayers notice of a hearing or an opportunity to be heard, the Board mailed notices of approval to the Taxpayers. The notices established that the five-year LERTA exemption period would begin the year following the year in which the building permit was issued, as provided by Section 19–1303(3)(D)(2)(a) of the Code.[1] For example, on May 27, 1988, the City issued a building permit to Nine Penn Center for construction of an office building. On June 9, 1988, the Board mailed notice of approval of the tax exemption for the office building to Nine Penn Center. The notice established the exemption period as 1989 through December 31, 1993.

Taxpayers each received a reassessment notice indicating that their properties would be returned to the tax rolls according to the timetable established in the original notice of approval. Continuing with the example cited above, in Summer 1993, the Board notified

1. In 1990, City Council amended the Code, effective 1992, to provide for a three-year abatement, beginning the year in which the City issues the initial certificate of occupancy. The amendment does not affect the abatements at issue in this case.

Nine Penn Center that its office building would return to the tax rolls on January 1, 1994.

Taxpayers each filed an appeal of their reassessments to the Board. They argued that Section 19–1303(D)(2)(a) of the Code, which provides that "the exemption shall commence in the tax year immediately following the year in which the building permit is issued" is void pursuant to this Court's decision in *MacDonald, Illig, Jones & Britton v. Erie County Board of Assessment Appeals*, 145 Pa.Cmwlth. 521, 604 A.2d 306, *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1276 (1992). In *MacDonald, Illig*, taxpayers challenged Section 4(b) of Erie County Ordinance No. 16 (April 17, 1985), which contains language identical to that found in Section 19–1303(D)(2)(a) of the Code. This Court held that Section 4(b) of the Erie Ordinance violates Section 6(a) of LERTA, 72 P.S. § 4727(a), which provides in relevant part:

> The assessment agency shall, *after completion of the new construction or improvement*, assess separately the new construction or improvement and calculate the amounts of the assessment eligible for tax exemption in accordance with the limits established by the local taxing authorities and notify the taxpayer and the local taxing authorities of the reassessment and amounts of the assessment eligible for exemption. [Emphasis added.]

Accordingly, this Court concluded that the first year of Taxpayer MacDonald, Illig's five-year exemption should be the year following the completion of the construction of its building.

With regard to the instant matter, the Board held hearings on Taxpayers' appeals, following which it notified Taxpayers that their appeals were denied. The notices included a statement that the Board's decision could be appealed to the trial court within thirty days. Taxpayers filed appeals with the trial court. In response, the Appellants filed motions to quash, in which they argued that the appeals to the Board were untimely because they should have been brought when Taxpayers received their initial exemptions, which in the case of Nine Penn Center's

office building was 1988. The trial court held three oral arguments and issued the following order in each case:

> AND NOW, to wit, this 22 day of August, 1994, the matter is remanded to the BOR for a determination of the "benefit" (exemption), if any, that is due each taxpayer. Meanwhile, the City's motions to quash these appeals on lateness grounds are DENIED. See 2 Pa.C.S.A. § 553 (explaining that to be an "adjudication" agency action must be preceded by some kind of hearing, etc.). Jurisdiction is retained.

Appellants appealed the trial court's orders to this Court, which by order dated December 7, 1994, quashed the appeals as interlocutory and not otherwise appealable as of right. Appellants filed a timely motion for reconsideration, and Taxpayers Nine Penn Center Associates, Six Penn Center Associates, and Lincoln Philadelphia Realty Associates filed a memorandum in opposition. By order dated January 20, 1995, this Court vacated its order of December 7, 1994 and reinstated the appeals.

On appeal, the City raises the following issues: (1) whether an order remanding a case to the Board for determination of the amount of real estate tax exemption owed to Taxpayers is appealable pursuant to Pa. R.A.P. 311(f); and (2) whether Taxpayers who enjoyed the benefits of tax abatements can appeal the grant of those abatements several years later.

With respect to the first issue, the City maintains that the trial court's remand order is an interlocutory order appealable as of right. In support of this position, the City cites Pa.R.A.P. 311(f):

> Administrative remand. An appeal may be taken as of right from: *(1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion;* or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimate-

ly evade appellate review if an immediate appeal is not allowed. [Emphasis added.]

The City maintains that the trial court's order merely remands the matter to the Board to perform the non-discretionary task of calculating the appropriate tax abatement due each Taxpayer. Accordingly, the City argues that the order is appealable as of right pursuant to Pa.R.A.P. 311(f).

We begin our analysis by turning to the Note to Pa.R.A.P. 311(f) which states in relevant part:

In Subdivision (f), the 1992 amendment permits an immediate appeal as of right from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner which does not require the exercise of administrative discretion. Examples of such orders include: (1) a remand by a court of common pleas to the Department of Transportation for removal of points from a drivers license; (2) an order of the Workmen's Compensation Appeal Board reinstating compensation benefits and remanding to a referee for computation of benefits.

The remand order issued by the trial court in the instant matter is materially different from the kinds of orders referred to in the Note to Pa.R.A.P. 311(f). First, the trial court's order does not determine that a tax exemption must be given to all Taxpayers. Second, the order does not set forth the method of valuation to be used in determining the exemption, if any, that should be granted to Taxpayers.

Furthermore, the determination of the amount of tax exemption under LERTA requires that the Board exercise administrative discretion. Section 4(a) of LERTA, 72 P.S. § 4725(a), provides that exemptions be based upon the "assessed valuation of improvements to deteriorated properties and the assessed valuation of new construction." The determination of the value of real estate clearly involves discretion. In *Ray v. City of Philadelphia*, 344 Pa. 439, 440, 25 A.2d 145, 146 (1942), our Supreme Court held:

It is impossible, or next to it, for anyone to know the dollar and cent market value of any piece of real estate. Some think they know, but when pressed are forced to admit that their valuation is only their opinion. There are so many elements, so many contingencies, so many uncontrolled factors, that enter into the market value of real estate, that nothing less than an actual sale of the same or like property under similar conditions, can really fortify a person to say that he knows the precise market value of property.

More recently, in *Pennypack Woods Home Ownership Association v. Board of Revision of Taxes*, 163 Pa.Cmwlth. 80, 639 A.2d 1302, 1303 (1994), this Court stated:

In considering the weight to be given to various approaches to valuation, the trial court or administrative agency has the discretion to determine which of the conflicting methods (costs, comparable sales or capitalized income) is the fairest and most reasonable value for a particular property.

In the instant matter, a tax exemption under LERTA requires that the Board determine the value of a number of commercial buildings. As noted in *Ray* and *Pennypack Woods*, the very nature of the valuation process requires that the Board exercise its discretion. Therefore, the order of the trial court remanding the matter to the Board does not meet the criteria for an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(f).

For these reasons, we quash the instant appeals.

### ORDER

AND NOW, December 22, 1995, we quash the appeals of the City of Philadelphia, the School District of Philadelphia and the Board of Revision of Taxes.