LINCOLN PHILADELPHIA REALTY
ASSOCIATES I, Appellant,

v.

The BOARD OF REVISION OF TAXES
OF THE CITY AND COUNTY OF
PHILADELPHIA and the City of Phila-
delphia and the School District of Phila-
delphia.

LINCOLN PHILADELPHIA REALTY
ASSOCIATES II, Appellant,

v.

The BOARD OF REVISION OF TAXES
OF THE CITY AND COUNTY OF
PHILADELPHIA and the City of Phila-
delphia and the School District of Phila-
delphia.

NINE PENN CENTER ASSOCIATES,
Appellant,

v.

The BOARD OF REVISION OF TAXES
OF THE CITY AND COUNTY OF
PHILADELPHIA and the City of Phila-
delphia and the School District of Phila-
delphia.  (Three Cases).

PHILADELPHIA AIRPORT BUSINESS
CENTER LIMITED PARTNERSHIP,
Appellant,

v.

The BOARD OF REVISION OF TAXES
OF THE CITY AND COUNTY OF
PHILADELPHIA and the City of Phila-
delphia and the School District of Phila-
delphia.  (Two Cases).

NINE PENN CENTER ASSOCIATES,
Lincoln Philadelphia Realty Associates
I, Lincoln Philadelphia Realty Associ-
ates II and Philadelphia Airport Busi-
ness Center Limited Partnership

v.

The CITY OF PHILADELPHIA and the
School District of Philadelphia and the
Board of Revision of Taxes of the City
and County of Philadelphia, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 7, 1998.
Decided Sept. 16, 1998.
Reargument Denied Nov. 25, 1998.

Thomas A. Leonard and Michael P. Weinstein, Philadelphia, for appellants.

Bruce Alan Herald, Exton, for appellant, Phila. Airport Business Center.

Richard Feder, Divisional Deputy City Solicitor, Philadelphia, for appellees.

Before COLINS, President Judge, LEADBETTER, J.(P.) and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Lincoln Philadelphia Realty Associates I, Lincoln Philadelphia Realty Associates II, Nine Penn Center Associates, and Philadelphia Airport Business Center Limited Partnership (collectively, taxpayers) and the City of Philadelphia, School District of Philadelphia (collectively, City), and Board of Revision of Taxes (Board) cross-appeal from the order of the Court of Common Pleas of Philadelphia (trial court) denying the taxpayers' reassessment appeals.

The facts of this case are stipulated. The taxpayers, all owners of property in the City, applied for tax exemptions under the Local Economic Revitalization Tax Assistance Act (LERTA)[1] as implemented by Phila. Code § 19–1303(3). For each of the properties, the City issued a five-year exemption that began in the year after the building permit was issued; for three of the properties, the exemption periods began in 1987, for two properties the exemptions began in 1989, and for one property the exemption began in 1991.[2] For tax years 1993 and 1994, the taxpayers filed reassessment appeals, asserting that the exemption periods should have run from the year after completion of the improvements.

The procedural history of the cases is somewhat unusual. After the Board initially denied the reassessment appeals, these cases were appealed to the trial court, which issued an interlocutory order remanding to the Board for determination of the amount of exemption due to each taxpayer and denying the City's motion to quash.[3] During proceedings before the trial court, Judge Bernard Avellino acknowledged our decision in *MacDonald, Illig, Jones & Britton v. Erie County,* 145 Pa.Cmwlth. 521, 604 A.2d 306, *petition for allowance of appeal denied,* 533 Pa. 603, 617 A.2d 1276 (1992), which holds that LERTA mandates that the tax exemption commence in the year after completion of the construction or improvements. Applying *MacDonald, Illig,* Judge Avellino remanded to the Board for calculation of the benefit (i.e., exemption amount) due to each taxpayer. On remand,[4] the Board again denied the reassessment appeals, and the cases

---

1. Act of December 1, 1977, P.L. 237, *as amended,* 72 P.S. §§ 4722–4727. LERTA authorizes local taxing authorities to exempt, by ordinance or resolution, new construction in deteriorated areas of economically depressed communities and improvements to deteriorated business property.

2. The exemption periods are as follows: Lincoln Realty Associates I property, 1987 to 1991; Lincoln Realty Associates II, 1989–1993; Nine Penn Center office property, 1989–1993, and plaza atrium, 1991–1995; Airport Business Center Limited Partnership Island Avenue properties, 1987–1991.

3. The City's motion was premised on its theory that the taxpayers could not appeal the exemption periods more than 30 days after the dates of the exemption notices. The trial court ruled that the exemption notices setting the exemption period were not appealable adjudications under 2 Pa.C.S. § 553 because they were not preceded by notice and an opportunity to be heard.

4. Before these cases returned to the Board, we quashed an appeal of this interlocutory order filed by the Board and the City. *Nine Penn Center v. Board of Revision,* 669 A.2d 1047 (Pa. Cmwlth.1995).

returned to the trial court, reassigned to Judge Stephen Levin.

In what amounts to a complete reversal of Judge Avellino's earlier decision, Judge Levin distinguished *MacDonald, Illig* and determined that the taxpayers were not entitled to any additional real estate tax exemption. While acknowledging that he was bound by Judge Avellino's determination that the taxpayer's appeals were timely, Judge Levin concluded—from reading the April 22, 1994 transcript of the proceedings before Judge Avellino—that "Judge Avellino did not rule that the taxpayers were entitled to take advantage of the *MacDonald, Illig* holding." (October 7, 1997 opinion, p. 9.) Judge Levin concluded that because the taxpayers in this case did not immediately appeal the Board's determinations of the exemption periods, as the taxpayer had in *MacDonald, Illig,* they could not take advantage of the change in law represented by that decision. (October 7, 1997 opinion, p. 11.)

On appeal to this Court, the taxpayers raise the following issues: 1) whether the exemptions were appealable adjudications, 2) whether the reassessment appeals were timely, and 3) whether under the terms of LERTA the exemption periods must run from the year after completion of the improvements in accordance with *MacDonald, Illig.* The City and the Board raise the additional issue of whether the taxpayers have waived the right to challenge the exemption period given that they received the precise abatement they applied for under the Phila. Code and accepted the full value of that abatement before challenging the exemption period.

■ In *MacDonald, Illig* we held that an Erie County ordinance was void insofar as it conflicted with the commencement of real estate tax exemptions in the year after completion of the eligible improvements, as provided under LERTA. 604 A.2d at 313. A

taxing authority does not have the authority under LERTA to change the statutorily mandated time for commencement of the real estate tax exemption. *Id.* Judge Avellino correctly concluded that *MacDonald, Illig* applies to the instant cases, and he remanded to the Board for recalculation of the value of the exemption to which the taxpayers were entitled. Judge Levin was precluded from concluding otherwise.[5]

■ The City's notices granting the exemptions and stating the exemption periods were not appealable adjudications. As reasoned by Judge Avellino, the exemption notices were not adjudications under local agency law because the taxpayers were not given notice or an opportunity to be heard as required under 2 Pa.C.S. § 553.[6] Any qualified taxpayer is entitled to the exemption, and the City adopted a procedure whereby the taxpayer submits a form application. The Board responds with a notice indicating little more than "your application for exemption is approved" and "your exemption begins in the tax year ____ and ends in the tax year ____," with references to the enacting ordinance. The exemption notice makes no reference to any possibility of a hearing or to an appeal procedure or appeal period.

At the time the taxpayers applied for their exemptions, Phila. Code § 19–1303(3)(D)(3)(e) provided that the taxpayer may appeal the amount of the assessment eligible for exemption and the amount of the reassessment "as provided by law." This section provided for no appeal of the exemption period, which it stated, "shall commence in the tax year immediately following the year in which the building permit is issued." Phila. Code § 19–1303(3)(D)(2)(a). An assessment appeal was the only avenue of appeal, and an assessment appeal is timely

---

5. Based on the judicial doctrine, called the law of the case, a court involved in later phases of a matter may not reopen issues decided by another judge of the same court or a higher court in an earlier phase, unless there has been an intervening change in the controlling law or a substantial change in the evidence or facts, or where the earlier ruling was clearly erroneous and would create a manifest injustice if allowed to stand.

*Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995).

6. 2 Pa.C.S. § 553 provides, in pertinent part, "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

when it is filed on or before the first Monday in October.[7]

■ The facts of this case simply do not support the City's contention that the taxpayers purposely waited until their exemptions had run before requesting additional exemption periods.[8] In their 1993 and 1994 reassessment appeals, the taxpayers raised the issue of the LERTA-specified exemption period, citing our 1992 decision in *MacDonald, Illig*. *MacDonald, Illig* represented a change in the law, in the sense that it interpreted LERTA to preclude a local taxing authority from varying from the statutory exemption period.

In all cases, the taxpayers raised the exemption period issue in the earliest possible reassessment appeal. Lincoln Realty Associates I filed its appeal in October 1992 after it received notice of reassessment and termination of its exemption. Lincoln Realty Associates II filed its appeal in October 1993, again after notice of reassessment and termination of its exemption. Nine Penn Center Associates filed its appeals in October 1993; it received notice of reassessment and termination of exemption for both of its LERTA-eligible properties, even though one of its exemption periods had been scheduled to run until 1995. In the case of Airport Business Center, the original exemption period had expired in 1991—before our decision in *MacDonald, Illig*—and the taxpayer immediately sought to have the exemption period corrected to run from 1989 (the year improvements were completed) to 1993, an extension of only two years.

■ Because *MacDonald, Illig* is still the law, the City had no authority to vary from the statutorily provided exemption period. Each of the taxpayers is entitled to have its LERTA exemption period begin the year after completion of the improvements. The Board must recalculate the taxpayers' assessments for the tax years under appeal without reference to abatements received in prior years.[9]

Accordingly, we reverse the order of the Court of Common Pleas of Philadelphia County and order that the taxpayers' five-year exemptions be reinstated as if they commenced the year after completion of the eligible improvements.

### *ORDER*

AND NOW, this 16th day of September 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed. The Board of Revision of Taxes shall reinstate taxpayers' five-year exemptions as if they commenced the year after completion of the eligible improvements.

LEADBETTER, Judge, dissenting.

I respectfully dissent. The taxpayers in *MacDonald, Illig*[1] filed a prompt appeal from the notification that the exemption would run from issuance of the building permit, *Id.* 604 A.2d at 308, and I can see no reason why the taxpayers in this appeal could not have done the same. Instead, these taxpayers waited until they had obtained the full benefit of all the years of abatement granted them, and then filed their *MacDonald, Illig* challenge after the period had run. Taxpayers demanded, and the majority grants them, additional years of abatement with no credit to the City for the initial years of abatement taxpayers had illegally received. I see no basis in law or equity to give them such a windfall, nor to excuse them from the universal requirement that parties

---

7. Section 14 of the law commonly known as the First–Class County Assessment Law, Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. § 5341.14.

8. The City is in no position to characterize the taxpayers' appeals as dilatory. The City took no action to correct the tax exemption ordinance until two years after *MacDonald, Illig* was filed, and it acted only after taxpayers began to file reassessment appeals raising the issue of the exemption period.

9. The Board is without jurisdiction to alter the taxpayers' assessments for years other than those under appeal. *Petition of Mausoleum Construction Company*, 55 Pa.Cmwlth. 504, 423 A.2d 809 (1980).

1. *MacDonald, Illig, Jones & Britton v. Erie County Bd. of Assessment Appeals*, 145 Pa.Cmwlth. 521, 604 A.2d 306, *alloc. denied*, 533 Pa. 603, 617 A.2d 1276 (1992).

take timely appeals from administrative decisions of which they complain. *See, e.g., Petition of Mausoleum Construction Company,* 55 Pa.Cmwlth. 504, 423 A.2d 809 (1980). Accordingly, I would affirm the order of the court of common pleas.