# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Hanna, Tomas : 
 : No. 268 C.D. 2018
Appeal of: City of Philadelphia and : Argued: November 13, 2018
the School District of Philadelphia :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
 HONORABLE ELLEN CEISLER, Judge
 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: December 19, 2018**

## I. Introduction

In this real estate tax exemption case, the City of Philadelphia and the Philadelphia School District (collectively, the City) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) granting Tomas Hanna's (Taxpayer) appeal from an order of the City's Board of Revision of Taxes (BRT) denying Taxpayer's *nunc pro tunc* application for a tax abatement for new construction of residential properties under Section 19-1303(4)(F) of the City Code (Code). In granting *nunc pro tunc* relief, the trial court determined that Taxpayer, a first-time home builder, reasonably believed that his contractor would apply for a tax abatement as part of the permitting process and that extraordinary circumstances justified consideration of his untimely application. Therefore, the trial court remanded the case to the BRT for a hearing on the merits.

The City contends the trial court's remand order is appealable as a matter of right under Pennsylvania Rule of Appellate Procedure 311(f)(1), because consideration of an abatement application does not require the exercise of

administrative discretion. Alternatively, the City asserts the remand order is appealable under Rule 311(f)(2) as a common pleas court order remanding a matter to an administrative agency that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. Regarding the merits of its appeal, the City maintains the trial court erred in granting *nunc pro tunc* relief because Taxpayer's failure to timely file a tax abatement application, based on his mistaken belief that his general contractor would file it as part of the permitting process, cannot be considered justified as a result of non-negligent or extraordinary circumstances. For the reasons that follow, we quash the City's appeal.[1]

## II. Background

Pursuant to Section 302 of the Improvement of Deteriorating Real Property or Areas Tax Exemption Act (IDRPA),[2] 72 P.S. §4711-302, a local taxing authority may exempt from real property taxation the assessed valuation of any residential construction built in a deteriorating area in the amounts and in accordance with the schedule and limitations provided. In accord with Section 302 of the IDRPA, the City decided that all wards in the City contained deteriorating areas and that any new residential construction in a deteriorating area could qualify for an abatement. See Section 19-1303(4)(A)(1)(b)-(c) of the Code. The City abates from taxation the entire value of a newly constructed dwelling for 10 years. Section 19-1303(4)(C)-(E) of the Code.

---

[1] In addition, Appellants filed an Application for Permission to File a Post-Argument Communication. Because we conclude that we currently lack jurisdiction over the trial court's remand order, we dismiss the Application as moot.

[2] Act of July 9, 1971, P.L. 206, as amended, added by the Act of August 5, 1977, P.L. 167.

2

To obtain an abatement, a person must: build a new dwelling; apply for the abatement within 60 days of the issuance of the building permit; apply upon the prescribed form; not be tax delinquent; and not have already received another abatement for the property at issue. See Section 19-1303(4)(F)(1)-(6) of the Code (relating to the procedure for obtaining an exemption). Taxpayers or the City may appeal an abatement determination. Section 19-1303(4)(F)(7) of the Code.

Here, Taxpayer constructed a two-unit residential structure on a lot he owns located at 1627 Mount Vernon Street in the City. Taxpayer's family owned that property for 40 years. Taxpayer built the structure for the residential use of his immediate family and his elderly parents.

At the trial court hearing, Taxpayer testified he had no experience or expertise in property development and that he was overwhelmed by the project. Taxpayer commutes from the City to his job in Brooklyn, New York. Taxpayer retained an architect, construction manager and a general contractor. None of these construction professionals ever advised Taxpayer that he was responsible for seeking the real estate tax abatement or that a 60-day deadline for applying for the abatement ran from the date the City issued the building permit.

Believing the general contractor obtained an abatement as part of the permitting process, Taxpayer moved into the property after the construction concluded. However, none of the construction professionals applied for the abatement or advised Taxpayer that he needed to obtain the abatement.

Upon learning the abatement application deadline passed seven months prior, Taxpayer immediately filed a petition for the abatement on a *nunc pro tunc* basis. In September 2017, the BRT denied Taxpayer's petition and declined to consider his appeal on a *nunc pro tunc* basis. Taxpayer appealed the denial of his petition to the trial court.

In January 2018, following a hearing, the trial court granted Taxpayer's appeal and remanded the matter to the BRT for a hearing on the merits. In its order, the trial court stated:

> As a general rule, an appeal *nunc pro tunc* will be granted in civil cases only where the appeal was untimely due to fraud or a breakdown in the court's operations. [Puckett v. Dep't of Transp., Bureau of Driver Licensing, 804 A.2d 140 (Pa. Cmwlth. 2002)]. That standard, however, has been relaxed where a litigant's right to appeal has been lost due to 'extraordinary circumstances' when the litigant himself did not act in a negligent manner. Id. In this case, [Taxpayer] reasonably believed that his contractor was applying for a tax abatement. As soon as [Taxpayer] learned otherwise, he made a late application that was denied. The Court finds that [Taxpayer] was non-negligent and that 'extraordinary circumstances' exist that warrant granting the appeal.

Tr. Ct. Order, 1/16/18, n.1

In February 2018, the City filed a notice of appeal to this Court, asserting the trial court's remand order was a final order that resolved all issues in the case and that "any remand is purely ministerial." Notice of Appeal, 2/20/18; Reproduced Record (R.R.) at 13a.

The City asserts that after it filed its notice of appeal, the Office of Property Assessment (assessment office), the agency which processes abatement applications, see Code §§2-305(1), 2-305(2)(l), assessed Taxpayer's property as follows: the land, $208,840; the improvements, $699,160; total assessed value $908,800. See Appellants' Opening Br. at 8. In support, the City cites its municipal website. Our review of the City's website confirms the indicated assessment amounts. See https://property.phila.gov/?p=084080400 (last visited November 15, 2018).

## III. Discussion

### A. Immediate Right to Appeal

### 1. Argument

The City first contends the trial court's remand order is an interlocutory order appealable as a matter of right under Rule 311(f)(1) because consideration of an abatement application does not require the exercise of administrative discretion. Alternatively, the City asserts the remand order is appealable under Rule 311(f)(2) as a common pleas court order remanding a matter to an administrative agency that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed.

Pennsylvania Rule of Appellate Procedure 311(f) provides (with emphasis added):

> **(f) Administrative remand.**—An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to the administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal _in a manner that_

5

does not require the exercise of administrative discretion; or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review.

### (a). Exercise of Administrative Discretion (Rule 311(f)(1))

Although the trial court remanded this matter to the BRT for a hearing on the merits of Taxpayer's abatement application, the City contends there is no need for a hearing. In short, the City maintains the processing of an abatement application is simply an administrative task and is not litigated before a tribunal. Therefore, the City argues the relevant inquiry here is whether the assessment office's processing of an abatement petition requires the exercise of administrative discretion within the meaning of Rule 311(f)(1). Processing an application requires only the mechanical application of fixed statutory requirements. As such, the City contends no discretion is exercised.

As noted above, to obtain an abatement, a person must: build a new dwelling; apply for the abatement within 60 days of the issuance of the building permit; apply upon the prescribed form; not be tax delinquent; and not have already received another abatement for the property at issue. The assessment office requires applicants to provide all of the necessary information.

Consequently, the City alleges the assessment office merely reads the application and assesses its compliance with fixed statutory criteria, a non-discretionary task. The City asserts assessing compliance with the abatement requirements is similar to other non-discretionary tasks this Court determined to be

6

non-discretionary within the meaning of Rule 311(f)(1). The City cites SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls), 728 A.2d 385 (Pa. Cmwlth. 1999) (computation of workers' compensation benefits on remand does not require the exercise of administrative discretion and thus remand orders directing such computation are appealable) and Davis v. Department of Human Services (Pa. Cmwlth., No. 604 C.D. 2017, filed January 18, 2018), 2018 WL 472459 (unreported) (agency remand order directing county child care agency to rescind a notice of overpayment, recalculate the overpayment and issue a new notice merely involved the computation of benefits and was immediately appealable under Rule 311(f)(1) because it did not involve the exercise of administrative discretion). Therefore, given the mechanical nature of the assessment office's review of an abatement application, the City argues that the trial court's remand merely involves consideration of a non-discretionary matter. Thus, the City maintains the remand order is immediately appealable under Rule 311(f)(1).

The City, however, acknowledges our decision in Nine Penn Center Association v. City of Philadelphia Board of Revision of Taxes, 669 A.2d 1047 (Pa. Cmwlth. 1995). In Nine Penn Center, this Court held that an order remanding a case to the BRT to calculate the amount of individual tax abatements due several owners of commercial properties under the Local Economic Revitalization Tax Assistance Act[3] (LERTA), did not constitute a non-discretionary remand within the meaning of Rule 311(f)(1). LERTA provides a tax exemption for improvements to commercial property located in deteriorated areas. Because there may be existing

---

[3] Act of December 1, 1977, P.L. 237, as amended, 72 P.S. §§4722-4727.

7

structures or other improvements already on the land, the calculation of a LERTA abatement requires the BRT to distinguish the portion of the property's value attributable to the preexisting structures from the value attributable to the new improvements. Thus, the exercise of administrative discretion is required. In short, according to the City, property assessment, a discretionary task, is an integral part of granting a LERTA abatement. As a result, the remand order in Nine Penn Center was not appealable under Rule 311(f)(1).

Here, the City asserts, the assessment office already assessed Taxpayer's property. Therefore, the assessment office merely needs to process Taxpayer's abatement application to determine whether it complies with the statutory criteria. This case also differs from Nine Penn Center because taxpayers can only get abatements for new construction. As such, no valuation of existing structures is necessary. Because all that remains on remand is the ministerial evaluation of the criteria for an abatement, the City argues the trial court's remand order was immediately appealable under Rule 311(f)(1).

In response, Taxpayer contends the trial court's remand order clearly requires the exercise of administrative discretion and is therefore not appealable under Rule 311(f)(1). However, much of Taxpayer's argument focuses on whether he should be allowed to file his abatement application *nunc pro tunc*, an issue already resolved in his favor by the trial court. See Appellee's Br. at 14-15.

Nevertheless, Taxpayer argues that the tax abatement process involves the exercise of administrative discretion. Taxpayer asserts that if the abatement

8

proceedings were purely mechanical as the City claims, there would be no need for hearings or a need for human beings to review applications. In particular, Taxpayer points out that the City acknowledges it is "likely" that the assessment office would grant the abatement. Appellee's Br. at 16. Taxpayer asserts the City's use of the word "likely" shows the grant of the abatement would not be automatic and implies that some level of administrative discretion is involved. Id.

In support of his position, Taxpayer cites Arguelles v. Pennsylvania Board of Probation and Parole, 892 A.2d 912 (Pa. Cmwlth. 2006) (a remand order for an evidentiary hearing and a determination of entitlement to credit for time spent at a community corrections center in calculating the amount of backtime owed on an inmate's original sentence involved the exercise of discretion and was not appealable under Rule 311(f)(1)) and P.R. Hoffman Materials v. Workmen's Compensation Appeal Board (Zeigler), 694 A.2d 358 (Pa. Cmwlth. 1997) (remand order in a workers' compensation case for a determination of the amount of a penalty award requires the exercise of discretion and is thus not appealable under Rule 311(f)(1)).

Taxpayer further asserts that if a local agency engages in any fact-finding whatsoever, the exercise of administrative discretion is involved. See City of Philadelphia v. Workers' Comp. Appeal Bd. (Mellon), 885 A.2d 640 (Pa. Cmwlth. 2005) (remand order for determination of an employee's average weekly wage required the workers' compensation judge to engage in fact-finding, a task which obviously involved the exercise of administrative discretion). Taxpayer also cites Nine Penn Center, where this Court determined a remand to the BRT was not

9

an appealable order under Rule 311(f)(1) because the trial court did not determine that a tax exemption must be given to all of the taxpayers and the remand order did not determine the method of valuation to be used in determining the exemption.

In sum, Taxpayer argues that the consideration of his abatement application requires at least a modicum of administrative discretion. Therefore, Taxpayer requests that we quash the City's appeal under Rule 311(f)(1).

### (b). Likely to Evade Appellate Review (Rule 311(f)(2))

Alternatively, the City contends that if it cannot appeal under Rule 311(f)(1), it should still be permitted to appeal under Rule 311(f)(2) because the trial court's order would otherwise ultimately evade appellate review. The City asserts that once this matter goes back to the assessment office, the office will likely grant the abatement that Taxpayer requests. If the assessment office grants the abatement, the City argues it is unclear whether it may appeal the decision because the assessment office is part of the City's executive branch. See Section 2-304 of the Code (relating to creation of the assessment office within the executive/administrative branch of City government). In short, the City might not have standing to challenge its own decision to grant an abatement. If so, the City could never obtain review of the trial court's decision granting Taxpayer *nunc pro tunc* relief. Therefore, the City argues it should be able to immediately appeal the trial court's order to ensure that appellate review is available.

### B. Analysis
### 1. Exercise of Administrative Discretion (Rule 311(f)(1))

To begin, we interpret the trial court's order as a remand to the BRT, not to the assessment office. Further, the BRT is directed to address the merits of Taxpayer's abatement application, not re-address the merits of his request for *nunc pro tunc* relief. As such, the issue of whether to allow Taxpayer to proceed on a *nunc pro tunc* basis is not again before the BRT on remand.

Therefore, to determine whether the trial court's remand order is appealable as a matter of right under Rule 311(f)(1), we must first determine whether the BRT's review of the merits of Taxpayer's abatement application involves the non-discretionary, mechanical processing of the application rather than an exercise of discretion. Nine Penn Center.

In Philadelphia, the assessment office has been assigned the ministerial function to make initial property assessments and to revise them. Bd. of Revision of Taxes, City of Phila. v. City of Philadelphia, 4 A.3d 610 (Pa. 2010) (BRT v. City). In addition, the assessment office processes abatement applications. Section 2-305(1), 2-305(2)(l) of the Code.

According to the City, taxpayers may appeal the assessment office's abatement decisions to the BRT. Appellants' Br. at 6 (citing Section 19-1303(4)(F)(7) of the Code and BRT v. City). The City describes the BRT as an independent adjudicative body. Appellants' Br. at 6. By the City's description, which we accept, the BRT's involvement in the abatement process is part of its appellate function.

11

Our Supreme Court recently distinguished between the ministerial process of making initial property assessments by the assessment office, and the BRT's non-ministerial appellate function. BRT v. City. In so doing, the Supreme Court essentially rejected the argument the City makes here. More particularly, the Court held that the BRT's appellate, or adjudicative, function did not involve merely the ministerial activity of initial property assessment. See BRT v. City, 4 A.3d at 622-24. This 2010 decision controls our analysis here.

Moreover, a classification of the BRT's appellate function as non-ministerial is consistent with this Court's 1995 decision in Nine Penn Center. In that case we reasoned that the trial court's remand order differed from the kinds of orders appealable under Rule 311(f)(1) because it did not determine that a tax exemption must be given to all the taxpayers in the case. Similarly here, the trial court's order did not determine whether Taxpayer is entitled to an exemption under Section 19-1303(4)(F) of the Code. Rather, the trial court directed that the BRT consider the merits of Taxpayer's application. Consequently, factual issues may arise regarding the various assessments and valuations used in determining whether to grant an abatement. A determination of the value of real estate clearly involves discretion. Nine Penn Ctr. (citing Ray v. City of Philadelphia, 25 A.2d 145 (Pa. 1942)). To that end, there are many elements, contingencies and uncontrolled factors that must be considered in determining the value of real estate. Id.

Contrary to the City's arguments, we are less focused on whether the assessment office's evaluation is ministerial, and we are more focused on whether

12

review by the BRT, a quasi-judicial body with adjudicative functions, is ministerial. Given the cases cited above, the City's characterization of the role of the BRT in the abatement process as purely ministerial is not persuasive. Consequently, the trial court's remand order is not appealable as of right under Pa. R.A.P. 311(f)(1).

## 2. Likely to Evade Appellate Review (Rule 311(f)(2))

We next address the City's contention that it should be permitted to appeal the trial court's remand order under Pa. R.A.P. 311(f)(2) because the trial court's *nunc pro tunc* determination would ultimately evade appellate review if an immediate appeal is not allowed. The City asserts it might not be able to appeal the assessment office's grant of an abatement because the office is part of the City's executive branch. In other words, the City might not have standing to challenge its own decision to grant an abatement. As such, the City would not be able to obtain review of the trial court's order granting Taxpayer *nunc pro tunc* relief. Therefore, the City maintains it should be able to immediately appeal the trial court's remand order to ensure that appellate review is available.

The City argues it is entitled to an immediate appeal because of the uncertainty of its standing to appeal a possible future decision to grant an abatement. Although the City does not fully develop this argument, it is apparently contending that it may not be aggrieved by a decision to grant an abatement; therefore, a future attempt to appeal could be subject to challenge, and the abatement decision may evade review. See Appellants' Opening Br. at 14, n.1.

To the extent this is the City's position, we reject it. In the future, the City would have the same aggrievement of the trial court's interlocutory *nunc pro tunc* decision that it currently asserts. Therefore, it will occupy the same position for a standing evaluation as it currently occupies. Accordingly, if the City properly preserves the issue, we fail to see how the trial court's *nunc pro tunc* decision would evade review. Thus, we decline to embrace the City's argument that it should be permitted to immediately appeal the trial court's remand order under Pa. R.A.P. 311(f)(2).

## IV. Conclusion

Having determined that the City is not entitled to an immediate appeal of the trial court's remand order under either Rule 311(f)(1) or 311(f)(2), we must quash the City's appeal as from a non-appealable interlocutory order.[4] Mellon; P.R. Hoffman. Further, because we currently lack appellate jurisdiction over the

---

[4] Because the trial court's remand order is not an appealable interlocutory order under Pa. R.A.P. 311(f), we lack the jurisdiction to address the merits of the City's appeal. Nevertheless, we question whether Taxpayer's explanation for failing to file a timely abatement application established the kind of non-negligent circumstances essential for a grant of *nunc pro tunc* relief. See Criss v. Wise, 781 A.2d 1156 (Pa. 2001) (*nunc pro tunc* relief in non-negligent circumstances applies only in unique and compelling circumstances where the appellant establishes that he attempted to file the appeal but unforeseeable and unavoidable events precluded him from doing so).

Here, there is no evidence indicating that unforeseeable or unavoidable circumstances precluded Taxpayer from filing a timely application for a tax abatement. Although Taxpayer expected or assumed that his general contractor would apply for an abatement as part of the permitting process, there is no evidence showing that Taxpayer ever discussed the tax abatement with the general contractor or that the contractor agreed to apply for the abatement. Given Taxpayer's testimony that a tax abatement was essential to his decision to build a residence in the City, it could be concluded that his failure to take reasonable steps to ensure the timely filing of a tax abatement application is not the sort of non-negligent circumstances justifying *nunc pro tunc* relief. Allen v. Ins. Dep't, 903 A.2d 65 (Pa. Cmwlth. 2006).

trial court's remand order, we dismiss as moot the City's Application for Permission to File a Post-Argument Communication.

 

 

_____

ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In Re: Appeal of Hanna, Tomas      :
                                        :    No. 268 C.D. 2018

Appeal of: City of Philadelphia and     :
the School District of Philadelphia      :

# O R D E R

AND NOW, this 19th day of December, 2018, for the reasons stated in the foregoing opinion, the appeal of the City of Philadelphia and the School District of Philadelphia is **QUASHED**. In addition, Appellants' Application for Permission to File a Post-Argument Communication is **DISMISSED as moot**.

 

                                        _____

                                        ROBERT SIMPSON, Judge